## BELLEAIR HOTEL CO. v. MABRY.

### No. 9212.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1940.

M. A. McMullen and Cyril E. Pogue, both of Clearwater, Fla., for appellant.

O. K. Reaves, of Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the district court authorizing the appellee, as receiver of the Bellevue-Griswold Hotel Company, to execute a lease for one year upon the following property in his possession belonging to said company: A large tourist hotel, with servants' quarters, garage, nineteen cottages, and other buildings, together with furniture for all of said buildings, other personal property, and two eighteen-hole golf courses. Pursuant to said order, the lease was made for one year, and it will expire on May 26, 1940. The lessee is now in possession.

The order objected to by appellant cannot be regarded as a final decree or decision, but the appeal in this case is claimed to be authorized by section 129 of the Judicial Code, as amended, 28 U.S.C.A. §§ 225, 227, which provides for appeals to this court from certain interlocutory orders of the district court. An examination of the statute just cited discloses no authorization of an appeal from an order of the kind

---

under review. It makes provision for appeals from interlocutory orders refusing to take appropriate steps to wind up a pending receivership, such 'as directing a sale or other disposal of the property, but we have no such order before us. In this case, the court has not refused an order to wind up the receivership or to take appropriate steps to that end. The order appealed from dealt with an administrative matter within the discretion of the district court, and it does not fall within that class of interlocutory orders from which an appeal may be taken under the above section of the Judicial Code, as amended.[1]

Accordingly, this appeal should be, and hereby is, dismissed.

Dismissed.

---

[1] 28 U.S.C.A. §§ 225, 227. Cf. Grand Beach Co. et al. v. Gardner et al., 6 Cir., 34 F.2d 836; Satterlee et al. v. Harris et al., 10 Cir., 60 F.2d 490; Des Arc & Powhatan Bridge Co. v. Austin Bridge Co., 8 Cir., 94 F.2d 494; Ballard v. Mutual Life Ins. Co. of New York, Jan. 27, 1940, 5 Cir., 109 F.2d 388.