SECURITIES & EXCHANGE
COMMISSION, Plaintiff,

v.

AMERICAN PRINCIPALS HOLDINGS,
INC., et al., Defendants-Appellees,

v.

Finalco, Incorporated, Claimant/Real
Party in Interest-Appellant.

No. 86–5510.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1986.

Decided May 15, 1987.

Jeffrey S. Kob, Los Angeles, Cal., for appellee S.E.C.

Brian L. Buckley, Los Angeles, Cal., for defendant-appellee American Principals Holdings, Inc.

J. Robert Nelson, Los Angeles, Cal., for claimant/real party in interest-appellant.

Before WALLACE, SNEED and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

This is an interlocutory appeal in a receivership proceeding involving a number of related partnerships. Finalco appeals from the district court's order affirming a compensation payment to the receiver and authorizing a spinoff of some of the partnerships. The dispositive issue is whether such an order is appealable under 28 U.S.C. § 1292(a)(2). We hold that it is not appealable and therefore dismiss the appeal for lack of jurisdiction.

The underlying receivership was instituted at the behest of the Securities and Exchange Commission after an investigation of the activities of American Principals Holdings, Inc. (APHI). APHI is a holding company whose corporate subsidiaries organized, promoted, and managed limited partnership investment programs that were sold to the general public. In 1984, an investigation revealed that APHI had engaged in a pattern of commingling and misappropriation of funds belonging to some of the partnerships. Eighty-one APHI partnerships were brought into the receivership estate.

Fifty-four of the partnerships were involved in business dealings with real estate ventures, while the remaining twenty-seven leased computer equipment purchased from Finalco. Finalco is thus the principal creditor of the computer equipment leasing partnerships.

The order that Finalco now seeks to appeal was entered in September 1985. Finalco particularly objects to the order of a payment to the receiver from assets of the leasing partnerships.

Because the receivership proceeding is continuing, the order from which Finalco attempts to appeal is not a final judgment appealable under 28 U.S.C. § 1291. Finalco contends, however, that it is appealable as an interlocutory order under 28 U.S.C. § 1292(a)(2). That subsection is a special provision dealing with interlocutory appeals in receiverships, and it provides as follows:

(a) The courts of appeals shall have jurisdiction of appeals from:

. . . .

(2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property. . . .

Finalco, the appellant, asks us to interpret this provision as permitting appeals from orders "to take steps to accomplish the purposes [of winding up receiverships]." APHI, the appellee, maintains that the provision permits appeals only from orders "refusing ... to take steps to accomplish the purposes of [winding up receiverships]." Neither this court nor any other of which we are aware has squarely confronted this precise issue of statutory interpretation. In resolving it we look first to the language of the statute. *E.g., Donovan v. Southern California Gas Co.,* 715 F.2d 1405, 1407 (9th Cir.1983) (per curiam). The paragraph is not a model of clear expository writing. The ambiguity is whether the language means "orders to take steps," as appellant urges, or "orders refusing to take steps," as appellees urge. The appellees' interpretation, however, requires less grammatical torture of the statute than the interpretation offered by the appellant.

When we look to appeals that have arisen pursuant to the statute, we find that most are more easily reconcilable with appellees' interpretation than appellant's. The circuits have held that orders requiring that funds be turned over to a receiver are nonappealable. *See, e.g., United States v.*

*Beasley,* 558 F.2d 1200 (5th Cir.1977); *United States v. Chelsea Towers, Inc.,* 404 F.2d 329 (3d Cir.1968) (per curiam); *Wark v. Spinuzzi,* 376 F.2d 827 (5th Cir.1967) (per curiam). We very recently paraphrased the statute exactly as appellees urge. In *Morrison-Knudsen Co. v. CHG International, Inc.,* 811 F.2d 1209, 1214 (9th Cir.1987), we said:

> 1292(a)(2) ... permits an interlocutory appeal from orders "refusing ... to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." .... [T]he district court was not refusing either to wind up Westside's receivership or to take any concrete step toward the accomplishment thereof.

*See also Belleair Hotel Co. v. Mabry,* 109 F.2d 390 (5th Cir.1940) (order authorizing receiver to lease hotel not an appealable order). *But see United States v. "A" Manufacturing Co.,* 541 F.2d 504 (5th Cir. 1976) (permitting appeal under 1292(a)(2) from an order confirming a sale of property by a receiver). Appellant cites *SEC v. Lincoln Thrift Association,* 577 F.2d 600 (9th Cir.1978), which contains an edited quotation of section 1292(a)(2) that appears to accord with the appellant's interpretation. *Lincoln Thrift,* however, considered whether the district court's order refusing to transfer the proceedings to a court of bankruptcy or, alternatively, to allow appointment of a creditors' committee and the election of a new board of trustees, was a "wind up order" under the terms of § 1292(a)(2). *Lincoln Thrift,* therefore, dealt with an appeal from an order *refusing* to wind up a receivership, orders that we hold are appealable. The case before us deals with a *grant* of a wind-up order, not a denial, and thus is the converse of the situation in *Lincoln Thrift.*

A leading treatise has declared that "§ 1292(a)(2) is written to permit interlocutory appeals from orders that refuse to take steps to accomplish the purpose of the receivership." 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3925, at 100 n. 29.5 (1977). It goes on to suggest that the Fifth Circuit's decision in *"A" Manufacturing*

may deviate from this view of the statutory intent. *Id.*

We believe that the narrow interpretation of the statute offered by appellees, restricting it to orders refusing to direct actions, makes good sense. *See* 9 J. Moore, *Moore's Federal Practice* § 110.-19[2], at 208 (1986). Under the interpretation offered by the appellant, virtually any order of the receiver within the scope of its jurisdiction would be potentially appealable. We therefore hold the order is not appealable under 28 U.S.C. § 1292(a)(2).

The order is also not appealable under the doctrine enunciated in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), treating certain decisions as appealable final judgments where they finally determine claims of rights collateral to the main action. To fit within the narrow rule of *Cohen,* "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted). Finalco's appeal does not fall within the purview of this exception to the finality rule.

The order in question is not final as to the rights of Finalco and the receivership, for in the event that Finalco is undersecured it may still make a claim against the receivership. The issue of the receiver's compensation can be appealed at the conclusion of the receivership.

The appeal is dismissed.