**UNITED STATES of America, Plaintiff,**
**and**

**Quinault Indian Nation; Nooksack Indian Tribe; Lummi Indian Tribe; Payallup Indian Tribe, et al., Plaintiffs–Intervenors–Appellants,**

v.

**STATE OF WASHINGTON,**
**Defendant–Appellee.**

No. 90–35355.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1991.

Decided June 10, 1991.

Phillip E. Katzen, Evergreen Legal Services, Seattle, Wash., for plaintiffs-intervenors-appellants.

David E. Walsh, Deputy Atty. Gen., Olympia, Wash., for defendant-appellee.

Before WALLACE, Chief Judge, O'SCANNLAIN, Circuit Judge, and BURNS,* District Judge.

WALLACE, Chief Judge:

Several Indian tribes appeal from a district court order denying attorney's fees sought pursuant to 42 U.S.C. § 1988. The district court has continuing jurisdiction over this litigation pursuant to 28 U.S.C.

§§ 1331, 1345, and 1362. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand.

I

This litigation, now in its twenty-second year, involves an ongoing dispute between the State of Washington and various Indian tribes over the right to take fish from the waters of the northwest United States. *See United States v. Washington,* 813 F.2d 1020, 1021 (9th Cir.1987) (*Washington II*), *cert. denied,* 485 U.S. 1034, 108 S.Ct. 1593, 99 L.Ed.2d 908 (1988). In *Washington v. Washington State Commercial Passenger Fishing Vessel Association,* 443 U.S. 658, 685, 99 S.Ct. 3055, 3074, 61 L.Ed.2d 823 (1979) (*Fishing Vessel*), the Supreme Court held that the tribes have treaty rights to take up to one-half of all harvestable fish. Subsequent litigation has attempted to define and enforce these rights. *See, e.g., United States v. Washington,* 873 F.2d 240 (9th Cir.1989) (*Washington III*); *United States v. Washington,* 774 F.2d 1470 (9th Cir.1985) (*Washington I*). The Indian tribes have repeatedly requested section 1988 fees in connection with this litigation; these requests have been repeatedly denied by us. *See Washington III,* 873 F.2d at 241; *Washington II,* 813 F.2d at 1021; *Washington I,* 774 F.2d at 1481 n. 27.

The tribes now request attorney's fees in connection with subproceeding 66, one aspect of the latest round of litigation. The tribes initiated subproceeding 66 to enforce their rights to take Puget Sound chinook. *See United States v. Washington,* 626 F.Supp. 1405, 1458 (W.D.Wash.1985). Washington conceded that the tribes were entitled to one-half of the harvestable fish and had been denied this share. *Id.* at 1459. Thus, the only contested issue was the means and speed with which the imbalance would be redressed. *Id.* Upon the resolution of subproceeding 66, the tribes moved for section 1988 attorney's fees, alleging a violation of their section 1983 rights. The district court held that subpro-

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

ceeding 66 was an action regarding allocation and fishery management, which did not implicate the protections of section 1983, and therefore denied the motion.

## II

"In any action or proceeding to enforce a provision of [42 U.S.C. § 1983], ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. We review a district court order granting or denying attorney's fees under section 1988 for an abuse of discretion. *Woods v. Graphic Communications*, 925 F.2d 1195, 1207 (9th Cir.1991). A district court abuses its discretion by making a clear error of law. *Hasbrouck v. Texaco, Inc.*, 879 F.2d 632, 635 (9th Cir.1989).

The district court, and Washington before this court, urge reliance on our prior decisions denying the tribes' previous fee requests. In *Washington I*, 774 F.2d at 1480, we denied a fee request after deciding, among other things, that the treaty and nontreaty shares should be determined by harvestable numbers calculated from best available in-season data, and that the catch of Washington nonresidents must be included in the nontreaty share. In *Washington II*, 813 F.2d at 1022, we denied a fee request following the Supreme Court's landmark decision giving the Indians up to a one-half share of all harvestable fish. *See Fishing Vessel*, 443 U.S. at 685, 99 S.Ct. at 3074. And in *Washington III*, 873 F.2d at 242, we denied a fee request following a district court decision construing the treaty rights to encompass hatchery-bred fish as well as naturally-bred fish.

■ But the case before us differs from these earlier cases in a single critical respect: while previous litigation has attempted to define the treaty rights, subproceeding 66 is purely an action to enforce them. As already described, Washington conceded that the tribes were entitled to one-half of the Puget Sound chinook and had been denied this share. Thus, the court was not required, as in prior litigation, to interpret the treaties or define the rights they conferred. Instead the court enforced well-defined rights recognized by both parties.

The tribes are entitled to section 1988 fees to enforce such well-defined treaty rights. *Washington II*, 813 F.2d at 1023 ("If the State of Washington violates these now known and well-delineated rights, there would be an actual conflict between state and federal law which might give rise to a section 1983 action."). By failing to distinguish between litigation defining and enforcing the tribes' treaty rights, the district court committed a clear error of law amounting to an abuse of discretion. Accordingly, we reverse.

■ It is not our role, however, to award these attorney's fees. The district court must still determine whether the tribes were prevailing parties in subproceeding 66. *See* 42 U.S.C. § 1988. Moreover, the actual award of fees remains within the district court's discretion, as does the determination of a reasonable amount. *See id.* We remand for a consideration of these issues.

REVERSED AND REMANDED.