959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harry S. STONEHILL; Robert P. Brooks, et al.,
Defendants-Appellants.
Jerome S. Katzin, Receiver.
 No. 91-35049.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1992.
Decided April 7, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harry Stonehill and Robert Brooks (collectively "Stonehill") appeal the district court's denial of their Federal Rule of Civil Procedure 60(b)(5) motion. Stonehill sought a declaration that the United States' judgment for income taxes entered October 14, 1980, was satisfied and that the receivership be terminated. See United States v. Stonehill, 420 F.Supp. 46 (C.D.Cal 1976), aff'd in part and rev'd in part, 702 F.2d 1288 (9th Cir.1983), cert. denied, 465 U.S. 1079 (1984). We have jurisdiction under 28 U.S.C. § 1291,[1] see, e.g., Robertson v. Protective National Ins., 882 F.2d 421, 421 (9th Cir.1989), and we affirm.
 
 
 3
 While we recognize the magnitude and complexity of this ongoing dispute, the case is before us on the very narrow question of whether the district court properly denied Stonehill's Rule 60(b)(5) motion. We review the district court's denial of a Rule 60(b)(5) motion for an abuse of discretion. See Transgo, Inc. v. Ajac Transmission Parts Corp., 911 F.2d 363 (9th Cir.1990). "A district court abuses its discretion by making a clear error of law." United States v. Washington, 935 F.2d 1059, 1061 (9th Cir.1991). This court may affirm the district court on any grounds supported by the record even when that ground was not the basis for the district court's decision. See Swenson v. United States Postal Serv., 890 F.2d 1075, 1077 n. 1 (9th Cir.1989).
 
 
 4
 Stonehill contends he is not seeking a modification of Judge Solomon's determination of liability; rather, he is merely asking for a determination that the taxpayers have satisfied the judgment. In so doing, however, Stonehill asked the court to credit amounts allegedly paid prior to the judgment, and to recalculate the accrued interest.
 
 
 5
 In their brief, taxpayers state that the district court prevented them "from proving that the 1980 judgments were erroneous as to the amount actually owed to the [United States]." Taxpayers also assert that "[h]earings and correspondence leading up to the 1980 judgments confirm that, in entering the judgments, Judge Solomon did not consider any prior payments or credits." Contrary to their assertions, taxpayers are attempting to alter or amend the judgment entered by Judge Solomon. They argue, in effect, that if the 1980 judgment properly incorporated certain payments made, and taxpayers had received credit for those payments at the time they were allegedly made, the judgment is now satisfied. To grant relief under that theory, we would have to conclude that the judgment was erroneous, or rendered by mistake or inadvertence. At the time Judge Solomon entered the judgment, relief was available to the taxpayers on those grounds by way of a timely Rule 59(e) motion, or a timely Rule 60(b)(1) or (b)(2) motion, or on direct appeal.
 
 
 6
 Rule 60(b)(5) provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reason[ ]: ... the judgment has been satisfied...." Fed.R.Civ.P. 60(b)(5). Stonehill does cite any other authority as a basis of his motion. The rule simply does not extend to the situation before us. Generally, Rule 60(b)(5) is invoked by a party seeking relief from a judgment that has been satisfied due to events or payments occurring after it was entered. See, e.g., Redfield v. Insurance Co. of N.A., 940 F.2d 542 (9th Cir.1991); Dias v. Bank of Hawaii, 732 F.2d 1401 (9th Cir.1984). We note that courts have also granted relief under Rule 60(b)(5) because of satisfaction in situations where the judgment entered against the defendant had, in effect, been partially satisfied from an independent source. See Sunderland v. City of Philadelphia, 575 F.2d 1089 (3rd Cir.1978); Kassman v. American University, 546 F.2d 1029 (D.C.Cir.1976); Snowden v. D.C. Transit System, Inc., 454 F.2d 1047 (D.C.Cir.1971). Courts have refused to grant Rule 60(b)(5) relief in circumstances where the defendant is alleging the judgment is satisfied due to circumstances that could have been properly considered by a Rule 59(e) or 60(b)(1) motion, see William Skillings & Assoc. v. Cunard Transp., Ltd., 594 F.2d 1078 (5th Cir.1979), or should have been raised at trial. See Willits v. Yellow Cab Co., 214 F.2d 612 (7th Cir.1954). Significantly, Stonehill does not cite to any authority for the operation of Rule 60(b)(5) sought in this case. In rendering the judgment against taxpayers, Judge Solomon must have necessarily considered any payments allegedly made to the Government up to that point. Under these circumstances, we are unwilling to permit taxpayers to go behind that judgment to argue satisfaction of the judgment on the basis of a Rule 60(b)(5) motion filed ten years after entry of that judgment.
 
 
 7
 While taxpayers' precise contentions concerning payments are not altogether clear, it appears to rest almost entirely on payments allegedly made prior to the judgment. To the extent taxpayers are contending that payments were made post-judgment and not credited against the judgment, we find no evidence in the record of amounts paid other than what the Government concedes were paid. When given the opportunity in the district court, Stonehill failed to offer specific evidence to support the contention that there were unaccounted for post-judgment payments.
 
 
 8
 The district court's denial of Stonehill's Federal Rule of Civil Procedure 60(b)(5) motion is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our jurisdiction is not pursuant to 28 U.S.C. § 1292(a)(2). See S.E.C. v. American Principals Holdings, Inc., 817 F.2d 1349, 1351 (9th Cir.1987) (statute interpreted narrowly to apply only to orders refusing to take steps to accomplish purposes of winding up receiverships)