**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

and

Robert Barragan; Cruz Barragan, Claimants–Appellants,

v.

**AMERICAN CAPITAL INVESTMENTS, INC.,** Defendant–Appellee,

and

Stephen J. Murphy; Kenneth A. Sorensen; Richard D. Otto; Adfin Corp., Defendants,

Willie R. Barnes, Receiver–Appellee.

No. 00–55025.

D.C. No. CV–93–05280–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001.[*]

Decided June 14, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**976**

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

### MEMORANDUM **

Cruz Barragan and Robert Barragan appeal from the district court's order which found that they were not investors in American Capital Investments, Inc., and, accordingly, were not eligible to obtain distributions from the ACI receivership estate. We dismiss.

The Barragans have egregiously failed to follow the rules for briefing a case on appeal. They have not set forth the basis of the district court's jurisdiction. *See*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The jurisdictional issues are somewhat fuliginous. We would have to decide whether the order appealed from is a final collateral order. *See Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp.*, 893 F.2d 1109, 1114 (9th Cir.1990); *SEC v. Am. Principals Holdings, Inc.*, 817 F.2d 1349, 1350 (9th Cir.1987); *Cannon v. Haw. Corp. (In re Haw. Corp.)*, 796

Fed. R.App. P. 28(a)(4)(A). Nor have they properly set forth the basis of our jurisdiction.[1] *See id.* at (a)(4)(B). Nor have they presented a statement of issues. *See id.* at (a)(5). Nor have they set forth a summary of the argument. *See id.* at (a)(8).[2] Perhaps all of that could be overlooked, but they have also failed to present a reasoned exposition of their contentions, that is, an appellate argument. *See id.* at (a)(9)(A). They satisfy themselves with a list of citations and a few conclusory allegations. In short, they have essentially tossed the case in our laps and left it to us to look up the facts and the law. We decline to do so. Rather, we strike their briefs and dismiss their appeal. *See Han v. Stanford Univ.*, 210 F.3d 1038, 1040 (9th Cir.2000); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir.1997).

Were we to consider the merits, it is apparent that the district court did not err[3] when it determined that the Barragans were not investors in the company which is in receivership—ACI. Rather, they are creditors of Stephen Murphy, to whom they loaned money. They must look to him, not the receivership, for any recovery.

DISMISSED.

---

F.2d 1139, 1142–43 (9th Cir.1986). We are inclined to think that we would have jurisdiction, but need not decide that issue now.

2. Incidentally, they have also failed to follow our rules for preparation of the excerpts of record. *See* Ninth Circuit Rule 30–1.1.

3. *See Russian River Watershed Prot. Comm. v. City of Santa Rosa*, 142 F.3d 1136, 1140–41 (9th Cir.1998).