**SECURITIES AND EXCHANGE COMMISSION, Plaintiff— Appellee,**

v.

**PRESTO TELECOMMUNICATIONS, INC., Defendant,**

and

**Alfred Louis Vassallo, Jr., aka Bobby Vassallo, Defendant—Appellant.**

**Securities and Exchange Commission, Plaintiff—Appellee,**

v.

**Presto Telecommunications, Inc., Defendant,**

and

**Alfred Louis Vassallo, Jr., aka Bobby Vassallo, Defendant—Appellant,**

**Thomas F. Lenon, for Presto Telecommunication, Receiver—Appellee.**

Nos. 04–55698, 05–55940.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2005.

Decided Nov. 2, 2005.

David Stuart Brown, Esq., Los Angeles, CA, for Plaintiff–Appellee.

Donald E. McInnis, Esq., Garrison & McInnis, Washington, DC, for Defendant.

Alfred Louis Vassallo, Jr., La Jolla, CA, pro se.

Before: CANBY, KOZINSKI, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Alfred Louis Vassallo, Jr. appeals the district court's preliminary injunction and order appointing a receiver in a civil enforcement action brought by the Securities and Exchange Commission ("SEC") against Vassallo and his company, Presto Telecommunications, Inc. ("Presto"), for alleged violations of federal securities law. Vassallo also appeals the district court's order of May 24, 2005, which confirms the receiver's authority to sell Vassallo's family residence in order to pay the fees, costs, and expenses of the receiver. We affirm in part and dismiss in part.

Because the district court issued a permanent injunction in its final judgment, the preliminary injunction has merged into the final decree. *See In re Estate of Ferdinand Marcos Human Rights Litigation,*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

94 F.3d 539, 544 (9th Cir.1996). Accordingly, we dismiss the appeal of the preliminary injunction as moot. *See id.*

■ The district court did not abuse its discretion [1] by invoking its inherent equitable power to appoint a receiver and freeze Vassallo's assets as a form of ancillary relief. *See SEC v. Capital Consultants, LLC,* 397 F.3d 733, 738 (9th Cir.2005); *SEC v. Wencke,* 622 F.2d 1363, 1369 (9th Cir.1980). This action reasonably was deemed necessary to prevent further dissipation of Presto's assets and to protect the interests of its investors. Because Vassallo did not object in timely fashion to the district court's March 1, 2004 order holding him personally liable for the receiver's fees, costs, and expenses, we do not reach Vassallo's argument that the district court erred in holding him personally liable for such costs. *See Telco Leasing, Inc. v. Transwestern Title Co.,* 630 F.2d 691, 693 (9th Cir.1980).

■ We dismiss the interlocutory appeal of the order approving the sale of Vassallo's residence because we generally have jurisdiction to review only final judgments. 28 U.S.C. § 1291. Because the order appealed from approves only sale procedures for, rather than the actual sale of, the Vassallo residence, the order is not a final judgment. Section 1292(a)(2) provides an exception to the final judgment rule for appeals from "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." *Id.* § 1292(a)(2). As the district court did not "refus[e] ... to take steps to accomplish the purposes [of the receivership]," *id.,* its order approving the sale procedures for the Vassallo residence

is not appealable, *see SEC v. Am. Principals Holdings, Inc.,* 817 F.2d 1349, 1350-51 (9th Cir.1987) ("The circuits have held that orders requiring that funds be turned over to a receiver are nonappealable."). Accordingly, we dismiss this appeal.

**No. 04–55698 DISMISSED IN PART and AFFIRMED IN PART; No. 05–55940 DISMISSED.**

*See SEC v. Hardy,* 803 F.2d 1034, 1037 (9th Cir.1986).

---

1. We review for abuse of discretion the district court's decision to appoint a receiver.