In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 12-2998, 12-3380, 13-1113, 13-2918, 14-1266

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*and*

TIMOTHY LOUIS BERTSCHY, Receiver,

*Appellee,*

*v.*

ANTIQUES LIMITED PARTNERSHIP, *et al.*,

*Defendants-Appellants.*

_____

Appeals from the United States District Court for the
Central District of Illinois.
No. 1:10-cv-01078 — **Michael M. Mihm**, *Judge.*

_____

SUBMITTED JUNE 27, 2014 — DECIDED JULY 28, 2014

_____

Before POSNER, KANNE, and TINDER, *Circuit Judges.*

POSNER, *Circuit Judge.* Before us are five related appeals, presenting both jurisdictional issues and issues of federal tax procedure.

The principal defendants are Robert and Debra Zabka and partnerships they controlled and transferred property to. The government sued to enforce tax assessments against the Zabkas and tax liens against their property and against property of the partnerships. The district judge ruled that the assessments (amounting to several million dollars) were valid and likewise the tax liens, and that when the Internal Revenue Service had made the assessments the liens had attached to all the Zabkas' personal property and to all their rights to property, including their ownership interests in the partnerships. In the light of these rulings the government filed a motion for the appointment of a receiver who would manage the partnerships and sell their assets to enable the assessments to be satisfied.

That motion was filed in April of 2012. In June the court ordered briefing of the motion, denied motions by the defendants to reconsider the court's calculation of the unpaid assessments, and directed the court clerk to enter judgment in the case. The clerk entered an order that is captioned "Judgment in a civil case" and states: "Judgment is entered in favor of the Plaintiff." The docket entry adds: "CASE TERMINATED." The partnership defendants filed a notice of appeal.

Whoever made the docket entry was wrong. The case had not been terminated. The judgment was not a final judgment, because the receiver hadn't been appointed and thus the complete relief to which the prevailing party was entitled had not been ordered. See *Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co.*, 570 F.3d 856, 857 (7th Cir. 2009); *Buchanan v. United States*, 82 F.3d 706, 708 (7th Cir. 1996). In fact, it wasn't a "judgment" at all, because it neither dis-

missed the suit nor provided *any* relief to the plaintiff. It clearly was not an appealable order.

In September 2012, however, the district court granted the motion to appoint a receiver and directed the government to file a proposed order appointing one. The Zabkas filed a notice of appeal from the order granting the motion. That appeal was premature too. Although an interlocutory order appointing a receiver is immediately appealable, 28 U.S.C. § 1292(a)(2), the September order was not the appointment of a receiver, but rather a direction to the government to *propose* a receiver for the judge to appoint. The government complied and in November the judge ordered the appointment of the receiver proposed by the government. The partnership defendants filed a timely notice of appeal from that order. In form it was an amendment to the Zabkas' earlier notice of appeal from the August 2012 order, but in substance it was a new notice of appeal and was assigned a new docket number.

The defendants' appeal from the receiver's appointment was thus their third appeal. The fourth was an appeal they filed in August 2013 challenging the district court's approval of property sales by the receiver, and the fifth, filed in February 2014, was an appeal from an order awarding interim compensation to the receiver. We have, as we'll explain, no jurisdiction over those two appeals.

We do have jurisdiction over the third appeal, the appeal from the appointment of the receiver. The appointment ended the merits phase of the litigation while kicking off a postjudgment collection proceeding. To understand this critical distinction, imagine a simple suit for damages. The original proceeding ends with a $1 million judgment for the

plaintiff. That's it; case over. But suppose the defendant doesn't pay, saying he has no money. The plaintiff can initiate a postjudgment collection proceeding in which he can ask a receiver (if one has been appointed) both to determine the defendant's ability to pay the judgment, and to collect on the plaintiff's behalf as much of the judgment as he can. The collection proceeding would not affect the finality of the earlier damages judgment, a final judgment appealable under 29 U.S.C. § 1291. But the judgment concluding the collection proceeding would likewise be an appealable final judgment. *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 760 (7th Cir. 1994); *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1224–25 (7th Cir. 1993); *Central States, Southeast & Southwest Areas Pension Fund v. Express Freight Lines, Inc.*, 971 F.2d 5 (7th Cir. 1992); *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1064–65 (9th Cir. 2010); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010). As succinctly explained in the *Armstrong* case, "appeals courts have jurisdiction over post-judgment orders, such as a district court might enter pursuant to the jurisdiction it has retained to enforce a prior order." 622 F.3d at 1064. While from the standpoint of the district court a postjudgment proceeding is part of the original proceeding, from the appellate court's standpoint the judgment awarding the plaintiff relief and the final order in the collection proceeding are separate final orders both appealable therefore under section 1291.

The purported judgment terminating the case in June 2012 had not been a final judgment, because an issue in that proceeding—the appointment of a receiver, a critical component of the relief sought by the government—had remained pending. But once the appointment was made, all

the issues presented in the litigation had finally been re-solved, and the fact that collection problems might require further proceedings in the district court did not detract from the finality and therefore appealability of the judgment.

But the fourth appeal in this case—the one challenging the district court's approval of property sales by the receiv-er—was from an interlocutory order in the postjudgment collection proceeding and thus is not within our jurisdiction. This is so even though, as we said, an interlocutory order appointing a receiver is appealable, as is an interlocutory or-der "refusing to wind up receiverships or to take steps to ac-complish the purposes thereof, such as directing sales or other disposals of property." 28 U.S.C. § 1292(a)(2). Parties in other cases have argued that this additional statutory lan-guage authorizes appeals from orders en route to winding up the receivership, which could include the sale order in the collection phase of this case. But that would both strain the statutory language and make anything the receiver did appealable immediately, which could flood the courts of ap-peals with interlocutory appeals. We therefore agree with the courts that have held that appellate jurisdiction over in-terlocutory orders involving receivers is limited to the three types of order specified in section 1292(a)(2): orders appoint-ing a receiver, orders refusing to wind up a receivership, and orders refusing to take steps to accomplish the purposes for winding up a receivership. See *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 225 n. 3 (2d Cir. 2010); *Plata v. Schwarzenegger*, 603 F.3d 1088, 1099 (9th Cir. 2010); *SEC v. Black*, 163 F.3d 188, 194–95 (3d Cir. 1998); *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1490–91 (1st Cir. 1996).

Once the district court appointed the receiver, the defendants' focus shifted from objecting to a receiver's being appointed (remember their appeal from the grant of the government's motion to appoint a receiver) to objecting to specific actions that the receiver took after his appointment. But the defendants also wanted to make sure that their challenges to the judge's prior orders were properly before this court. For that they needed to appeal from the appointment of the receiver, a final judgment that thus brought the orders challenged in the first three appeals—the two appeals filed before the district judge appointed the receiver and the third filed immediately after—within our appellate jurisdiction, though only by virtue of the third appeal, which being from a final judgment made the two prior interlocutory orders challengeable in that appeal. The appellate court can reverse a final judgment on the basis of material errors committed by the district judge at any stage in the proceeding in the district court.

The principal argument that the defendants make regarding those orders was that the Zabkas were just limited partners, equivalent to shareholders, and therefore not subject to a tax lien against partnership property. The general partner is a company called Dunamis LLC. A lien on property of a debtor who happens to be a partner (whether or not a limited partner) in a partnership does not attach to property held by the partnership, IRS Revenue Ruling 73-24 (1973), but it can attach to the partner's ownership interest. *United States v. Craft*, 535 U.S. 274, 285–86 (2002); *United States v. Worley*, 213 F.2d 509, 512–13 (6th Cir. 1954)**.** The liens in this case attached to the Zabkas' ownership interests in the partnerships, thus entitling the receiver to sell those interests in

order to realize cash from the liens to satisfy the Zabkas' tax obligations.

It's true that the district court authorized the receiver to enforce the government's tax lien by selling *any* assets belonging to the partnerships (though the court ordered the receiver to satisfy the partnerships' other valid obligations before using money from the sale of the assets to pay the Zabkas' tax debt), and that there is a difference between partnership assets and the share of those assets owned by particular partners. But that difference evaporates in this case. The Zabkas are the only owners. Dunamis LLC, the general partner, has no ownership interest; the partnership agreements "specified that Dunamis was a profits-only partner which would receive no ownership or capital interest in the Limited Partnerships."

The fourth and fifth appeals are, respectively, from the district court's order of August 2013 approving property sales by the receiver and from the order of December 2013 granting the receiver fees for and expenses of his work. The December order granted only *interim* compensation; the receiver had not completed his work—the collection proceeding was continuing. An order of interim compensation is an unappealable interlocutory order. *SEC v. Black, supra*, 163 F.3d at 194–95; *SEC v. American Principals Holdings, Inc.*, 817 F.2d 1349, 1350–51 (9th Cir. 1987); cf. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin*, 829 F.2d 601, 602 (7th Cir. 1987) (per curiam). The receiver's work continued after the December order, which means that the August order was interlocutory as well; if he hadn't completed his work of recovering money for the payment of the taxes by December, obviously he hadn't completed it by the previous

August. Indeed, within the last few weeks he has rendered his seventeenth status report. Even more recently the defendants have asked the district judge to rule that all their debts to the government have been paid and that the receivership should therefore be terminated. Remember that if the judge refuses to "wind up" the receivership, the order refusing to do so, though interlocutory, will be appealable immediately. But the judge has not ruled yet on the defendants' motion.

The defendants argue that the receiver shouldn't be compensated because he shouldn't have sold the properties—because he sold them for less than two-thirds of their appraised value and therefore in violation of 28 U.S.C. § 2001(b), or because he has sufficient assets from the defendants to be able to pay the government the entire sum that it claims the defendants owe it, or because he sold them in bad faith. By way of remedy they ask for rescission of the judicial deeds that were issued to the buyers of the properties sold by the receiver to monetize the tax liens.

These arguments, besides being premature because there is not yet an appealable judgment in the postjudgment collection proceeding being conducted by the receiver, appear to be frivolous—an alternative basis for concluding that the defendants' challenge to the receivers' actions in the postjudgment collection proceeding does not engage our appellate jurisdiction. *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–78 (7th Cir. 1988). The district judge rightly rejected the defendants' attempt to present an appraisal high enough to trigger section 2001(b), that had been made by an appraiser whom the court had not appointed or approved. And in the

absence of a stay, or some other circumstance that would cast a cloud over the receiver's sale of the partnership properties, a closed sale (that is, a sale that has been executed, not just contracted for) of a debtor's assets can't be reopened. *United States v. Buchman*, 646 F.3d 409, 410 (7th Cir. 2011); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1264 (7th Cir. 1986); *In re Vetter Corp.*, 724 F.2d 52, 55 (7th Cir. 1983). No stay was issued. Nor was the district judge required to make a finding that the properties had been sold to purchasers in good faith, in the absence of any indication of bad faith. As for the defendants' argument that the receiver shouldn't be compensated because he shouldn't have sold the properties, the time to make the argument is when the receivership ends, thus terminating the postjudgment collection proceeding, or earlier, if and when the district judge refuses to end the receivership.

To conclude, the judgment in appeal 13-1113—the order that appointed the receiver—is affirmed and the other appeals are dismissed. Appeal 13-1113, the one we're affirming, is the only one of which we have jurisdiction because it's the only appealable judgment; the order that appointed the receiver was the last order in the first proceeding and so completed that proceeding. The remaining four appeals were all from unappealable interlocutory orders—although the *issues* presented in the two interlocutory appeals in the first proceeding were within our jurisdiction to resolve because an appeal from a final judgment can challenge earlier orders in the case to the extent that the judgment was based on them.