NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEKSANDR L. YUFA,**

*Plaintiff-Appellant*

v.

**TSI, INCORPORATED,**

*Defendant-Appellee*

---

2017-2282

---

Appeal from the United States District Court for the Northern District of California in No. 4:09-cv-01315-KAW, Magistrate Judge Kandis A. Westmore.

---

Decided: April 13, 2018

---

ALEKSANDR L. YUFA, Colton, CA, pro se.

COURTLAND COLLINSON MERRILL, Anthony Ostlund Baer & Louwagie P.A., Minneapolis, MN, for defendant-appellee.

---

Before PROST, *Chief Judge*, WALLACH and HUGHES, *Circuit Judges*.

PER CURIAM.

Appellant Dr. Aleksandr L. Yufa appeals an order of the U.S. District Court for the Northern District of California ("District Court") that, inter alia, denied Dr. Yufa's ex parte application requesting that the District Court direct Appellee TSI, Inc. ("TSI") to file its renewed motion to compel the assignment of certain patents to the appointed receiver Greyhound IP LLC ("Greyhound IP"). *See Yufa v. TSI, Inc.*, No. 4:09-01315-KAW (N.D. Cal. June 22, 2017) (J.A. 201–03). Because we lack subject matter jurisdiction, we dismiss.

## BACKGROUND

Relevant to this appeal, Dr. Yufa owns seven patents he has asserted in various litigations (collectively, "the Patent Portfolio" or "Receivership Property"), including U.S. Patent No. 6,346,983 ("the '983 patent"). *See* J.A. 218. Dr. Yufa sued TSI in the District Court in 2009, alleging that TSI infringed the '983 patent. J.A. 215. In 2014, the District Court granted summary judgment of non-infringement in favor of TSI, *see Yufa v. TSI, Inc.*, No. 09-cv-01315-KAW, 2014 WL 2120023, at *7 (N.D. Cal. May 21, 2014), and awarded attorney fees and costs to TSI in the amount of $166,364.88, *see Yufa v. TSI, Inc.*, No. 09-01315-KAW, 2014 WL 4071902, at *8 (N.D. Cal. Aug. 14, 2014); J.A. 216. On appeal, we affirmed the District Court's grant of summary judgment and did not reach the attorney fees and costs issue because Dr. Yufa waived this argument. *See Yufa v. TSI, Inc.*, 600 F. App'x 747, 754 (Fed. Cir. 2015).

Following that decision, TSI renewed a previously denied motion to appoint Greyhound IP as receiver and compel assignment of the Patent Portfolio to Greyhound IP to satisfy the judgment, J.A. 215, and the District Court granted-in-part TSI's motion, appointing Greyhound IP as receiver but "declin[ing] to assign the [Patent Portfolio] until [the court was] provided with a valuation,"

J.A. 219 (stating further that, upon receipt of the valuation, "TSI may file a second motion to compel the assignment of the [Patent Portfolio]"). Again Dr. Yufa appealed this order, and again we affirmed. *See Yufa v. TSI, Inc.*, 666 F. App'x 889, 892 (Fed. Cir. 2016) (holding that "appointing a receiver was a reasonable method to obtain a fair and orderly satisfaction of the Judgment" because there was "no dispute that Dr. Yufa has no . . . financial means other than the Patent Portfolio to satisfy the judgment at this time" (internal quotation marks and citation omitted)).

In March 2017, Dr. Yufa filed the Ex Parte Application, requesting the District Court pre-determine a deadline for TSI to file its request to compel assignment of the Patent Portfolio. J.A. 220–23. TSI filed a motion to approve instructions for the administration of Greyhound IP as receiver. J.A. 229–31; *see* J.A. 233–34 (attaching Proposed Order to Approve Instructions). TSI requested, inter alia, the following: Dr. Yufa "shall cooperate with all requests of Greyhound [IP] and [is] enjoined from interfering with Greyhound's performance of its duties hereunder"; TSI shall be allowed to pay Greyhound IP's fees "at the rate of $400.00 per hour"; and any sums paid by TSI be "added to the judgment." J.A. 230. In its Order, the District Court denied Dr. Yufa's request and approved the proposed instructions for Greyhound IP. J.A. 201–03. Dr. Yufa appeals.

DISCUSSION

I. This Court Lacks Subject Matter Jurisdiction over Dr. Yufa's Appeal

With certain exceptions not applicable here, we have jurisdiction over "appeal[s] from . . . final decision[s] of . . . district court[s] of the United States . . . in any civil action arising under . . . any Act of Congress relating to

patents." 28 U.S.C. § 1295(a)(1) (2012).[1]  Relevant here, we also possess subject matter jurisdiction over two types of interlocutory orders pursuant to § 1292(a)(1), (2); *see id.* § 1292(c).  First, we have jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving *injunctions*, or refusing to dissolve or modify *injunctions*."  28 U.S.C. § 1292(a)(1) (emphases added). The Supreme Court has clarified that § 1292(a)(1) provides "appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) (internal quotation marks and citation omitted); *see Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 849 (Fed. Cir. 1987) (noting that jurisdiction under § 1292(a)(1) "requires (a) that the order be injunctive in nature, (b) that it cause a serious, if not irreparable, consequence, and (c) that the order can be effectually challenged only by immediate appeal").  Second, we have jurisdiction over "[i]nterlocutory orders appointing receivers, or *refusing to wind up receiverships or to take steps to accomplish the purpose thereof*, such as directing sales or other disposals of property."  28 U.S.C. § 1292(a)(2) (emphasis added).

We lack subject matter jurisdiction over this appeal. First, we do not possess jurisdiction under § 1292(a)(1).

---

[1]  Dr. Yufa does not argue that we possess jurisdiction over his appeal pursuant to 28 U.S.C § 1295(a)(1), *see generally* Appellant's Br., and there is no dispute that the District Court's Order is not a "final decision" within the meaning of § 1295(a)(1), *see Catlin v. United States*, 324 U.S. 229, 233 (1945) (defining a final decision as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citation omitted)).

The parties agree that the Order is not an injunction. *See* Appellee's Br. 5; *see generally* Appellant's Br. Instead, Dr. Yufa argues that the Order would cause "serious, perhaps irreparable, consequence[s]" that would have the practical effect of an injunction. Appellant's Br. 4 (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181 (1954)). To support his claim, Dr. Yufa states that the Order is "unfair," *id.* at 27 (citing J.A. 203 (requiring Dr. Yufa to "cooperate with all requests of Greyhound [IP] and enjoin[ing him] from interfering with Greyhound[ IP]'s performance of its duties")), and he lists various issues that could potentially arise from cooperating with potential receivership "requests" due to such factors as Dr. Yufa's "age," "health condition," and "limited income," *see id.* 27–28. Yet, Dr. Yufa fails to cite evidence supporting how these ancillary conditions equate to an Order acquiring the practical effect of an injunction. *See generally id.* We agree the Order does not rise to the level of an injunction.

Moreover, the Order simply tasks the already-appointed Greyhound IP to "value the Receivership Property" that eventually will fulfill the judgment against Dr. Yufa. J.A. 202. Any such potential effects of the actual transfer of the Patent Portfolio are yet to be seen and, thus, are speculative. *See AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1062 (Fed. Cir. 2010) (finding speculative calculations of potential damages unpersuasive for purposes of analyzing potential irreparable harm). Dr. Yufa's unsubstantiated speculation does not demonstrate any "serious," let alone "irreparable" consequences of the District Court's carefully considered Order instructing Greyhound IP to proceed with its duties as receiver. *See, e.g., Jones v. Dep't of Health & Human Servs.*, 834 F.3d 1361, 1369 (Fed. Cir. 2016) ("Unsubstantiated assertions do not equate to evidence." (internal quotation marks,

brackets, and citation omitted)). Therefore, we do not have jurisdiction under § 1292(a)(1).[2]

Second, we do not possess jurisdiction under § 1292(a)(2). Because Dr. Yufa is not appealing the appointment of Greyhound IP as receiver, *see* Appellant's Br. 1; *see also* J.A. 202–03 (setting forth detailed instructions, parameters, duties, and obligations upon the previously approved receiver, Greyhound IP)), we assess whether Dr. Yufa's appeal involves an order "refusing to wind up receiverships or to take steps to accomplish the purpose thereof." 28 U.S.C. § 1292(a)(2). To the contrary, the Order's denial of Dr. Yufa's Ex Parte Application, J.A. 201, cannot be construed as a "refusal" to take steps to accomplish the receivership because TSI has filed its second renewed motion to compel assignment of the Patent Portfolio since the Order issued, *see* Suppl. App'x. 1–9, rendering the Order's denial moot. Dr. Yufa argues for a broader interpretation of § 1291(a)(2), stating that any order involving the "wind up" of receiverships merits interlocutory review. Appellant's Br. 4 (omitting the "refusing to" language). That is not the correct standard. *See Sec. & Exch. Comm'n v. Am. Principals Holdings*, 817 F.2d 1349, 1351 (9th Cir. 1987) (adopting a "narrow interpretation" of § 1292(a)(2) that "restrict[s] it to orders refusing to direct actions"); *see also Netsphere, Inc. v. Baron*, 799 F.3d 327, 331–33 (5th Cir. 2015) (similar); *United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671–72 (7th Cir. 2014) (similar); *Fed. Trade Comm'n v. Peterson*, 3 F. App'x 780, 782 (10th Cir. 2001) (similar); *Sec. &*

---

[2]    For the same reasons, we find unpersuasive Dr. Yufa's argument that we possess jurisdiction under § 1292(a)(1) over the District Court's denial of his request to impose a deadline on TSI to refile its motion to compel assignment of the Patent Portfolio. *See* Appellant's Br. 23–24.

*Exch. Comm'n v. Black*, 163 F.3d 188, 195 (3d Cir. 1998) (similar); *State St. Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1490–91 (1st Cir. 1996) (similar); *Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc.*, 829 F.2d 341, 344 (2d Cir. 1987) (similar). Accordingly, we find that the Order is not appealable under 28 U.S.C. § 1292(a)(2).

Given the statutory limits on our jurisdiction, we cannot review the District Court's application of law to the facts, and Dr. Yufa's appeal must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 1292(a)(1), (2); *see id.* § 1292(c)(1). Finally, as we stated previously,

> [a]t some point, a pro se plaintiff has to recognize that when a court says a cause of action is without merit, the defendant can no longer be forced to incur expenses associated with the litigation and must be allowed to collect money owed. Failure to accept that objective reality must necessarily result in the pro se plaintiff bearing the expenses the defendant is being forced to pay without good reason.

*Yufa*, 666 F. App'x at 892. That language is directly applicable to this iteration of the case. It is time for Dr. Yufa to pay the just debts he owes to TSI.

## CONCLUSION

We have considered Dr. Yufa's remaining arguments and find them unpersuasive. Accordingly, Dr. Yufa's appeal from the U.S. District Court for the Northern District of California is

**DISMISSED**