NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
Argued September 12, 2019
Decided October 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 18-1454 & 18-1916

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeals from the United States District Court for the Central District of Illinois. |
| and | No. 10-cv-01078 |
| TIMOTHY LOUIS BERTSCHY, <br> *Receiver-Appellee*, | Michael M. Mihm, <br> *Judge*. |
| *v.* | |
| ROBERT K. ZABKA, et al., <br> *Defendants-Appellants*. | |

**O R D E R**

These consolidated appeals are the seventh and eighth arising from this litigation. The United States brought this action to enforce tax assessments against the Defendants and to foreclose tax liens. Because we find Appellants fail to raise any appealable issues arising from the judgment on appeal, we dismiss the appeals for lack of jurisdiction.

The history of this litigation is long and complicated, but a summary suffices here. The government brought this action to enforce tax assessments against Defendants Robert and Debra Zabka. The government also sought to foreclose tax liens on property owned by the Zabkas and by the limited partnership Defendants. In 2014, we resolved the first five appeals arising out of this litigation. *United States v. Antiques Ltd. P'ship*, 760 F.3d 668 (7th Cir. 2014).[1] We affirmed the district court's order appointing a receiver and its authorization of the receiver to enforce the tax liens by selling property owned by the limited partnerships. We recognized that "once the appointment was made, all the issues presented in the litigation"—including the validity of the tax liens and assessments and the amount of tax liability—"had finally been resolved." *Id.* at 671. Therefore, the district court's order appointing a receiver was a final appealable order that ended the merits phase of this litigation and initiated the post-judgment collection phase. *Id.* We also affirmed the receiver's authorization to sell the partnerships' properties. *Id.* at 672. That order was an unappealable interlocutory order. But the issue of the receiver's authorization to sell the partnerships' properties could be reviewed on appeal of the final judgment to the extent that judgment was based upon the receiver's authorization. *Id.* at 672, 674.

The receiver liquidated the partnerships' assets to enforce the tax liens. Several real properties owned by the partnerships were sold over the course of four years. The district court entered an order approving each sale. The receiver filed his final report in October 2017. The district court approved the final report and wrapped up the receivership in an order issued November 29, 2017, and judgment was entered on November 30. The Zabkas and the limited partnerships separately appealed that judgment, resulting in these consolidated appeals.

Appellants endeavor to challenge the sales as violations of Illinois partnership law and to contest the amount of their tax liability. We lack jurisdiction to consider either argument. Our appellate review is limited to final decisions of the district courts. 28 U.S.C. § 1291. It is true that an appeal from a final judgment "draws in question all prior non-final orders and all rulings which produced the judgment." *House v. Belford*, 956 F.2d 711, 716 (7th Cir. 1992). But Appellants challenge the rulings authorizing the receiver to sell the limited partnerships' property and determining the Zabkas' tax liability. Those rulings did not produce the order now on appeal; they produced the final merits judgment and the order appointing the receiver. We affirmed in *Antiques Limited* that all merits issues were finally decided at the time the district court appointed

---

[1] We resolved a sixth appeal in a 2015 unpublished order. *United States v. Zabka*, No. 14-3177 (7th Cir. Mar. 6, 2015).

the receiver in 2014, which included the liability amount. 760 F.3d at 671. The receiver's authorization to satisfy the government's liens by liquidating the partnerships' assets was also affirmed by this court in *Antiques Limited* as an interlocutory ruling subsumed within the final judgment. 760 F.3d at 672. Simply put, Appellants cannot use an appeal from the final judgment of the collection proceeding to challenge decisions underlying the merits judgment and affirmed in earlier appeals.

Because Appellants fail to raise any appealable issues, we lack jurisdiction over these appeals. Accordingly, we DISMISS the appeals.