No. 87-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

FRED EASY,

Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA DEPARTMENT
OF NATURAL RESOURCES AND
CONSERVATION and THE STATE OF MONTANA,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis And Clark,
The Honorable Gordon R. Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert T. Cummins, Helena, Montana
W. William Leaphart, The Leaphart Law Firm,
Helena, Montana

For Respondent:

John H. Maynard, Tort Claims Division, Department of
Administration, Helena, Montana

Submitted on Briefs: February 25, 1988

Decided: March 31, 1988

Filed: MAR 3 1 1988

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case arose in the First Judicial District Court, Lewis and Clark County, Montana. Fred Easy, hereafter the plaintiff, appeals from the District Court's instruction to the jury that a laid-off state employee is entitled to a "tie-breaker" preference in rehiring by state agencies. The plaintiff argues that the state employment policy affords him an absolute preference in rehiring by the State. The State contends that the intent, interpretation, and constant application of the policy has been as a tie-breaker preference, i.e. giving laid-off state workers a preference if they are as qualified as other finalists. The District Court accepted the State's argument and issued its proposed instruction. We affirm.

The parties have submitted an agreed statement of the record, pursuant to Rule 9(e), M.R.App.P., in lieu of the complete transcript. That statement of the record reflects that plaintiff lost his job with the Department of Natural Resources and Conservation (DNRC) during a reduction in force. His position never was reopened and consequently he never was offered reinstatement. He applied for various other positions at DNRC and other state agencies but never was offered any of those jobs. He then filed a wrongful discharge action in the First Judicial District Court, Lewis and Clark County, alleging that DNRC and other state agencies failed to abide by his preferred re-employment status as a former state employee under state policy on reduction in force. The relevant portion of that policy reads:

> E. Each agency shall make a concerted effort to make other agencies aware of both the names of persons laid off and their job classifications, and agencies with vacancies shall give reinstatement preference to those employees laid off by other agencies when recruiting for a

specific skill if compatible with their
Affirmative Action Plan and EEO goals.

At trial, the District Court refused to give plaintiff's proposed instruction number 15. That instruction read:

If Plaintiff applied for a position with the State of Montana and met the minimum qualifications for that position, he was entitled to an absolute reinstatement preference for that position and was entitled to the job.

Instead the court's instruction number 20, originally offered by the State, read:

If Plaintiff applied for a position with the State of Montana and met the qualifications for that position, he was entitled to a tie-breaker preference for that position.

The agreed statement of the record indicates that the Department of Administration's Personnel Division, which had drafted the policy, intended it to be a tie-breaker preference and had consistently applied the policy as a tie-breaker preference.

On appeal, plaintiff analogizes the State's rehiring policy to the Veteran's Preference Act, § 10-2-201, et seq., MCA (1983). We do not consider that analogy entirely proper and do not subscribe to the plaintiff's contention that our decision in Crabtree v. Montana State Library (1983), 204 Mont. 398, 665 P.2d 231, controls. In Crabtree, this Court held that a statute, since repealed, that said veterans, their spouses and dependents, and handicapped civilians "shall be preferred for appointment and [state] employment" constituted an absolute preference. Crabtree, 665 P.2d at 234.

The history and application of that statute, as set forth in the District Court's ruling and adopted by this Court on review, irrefutably indicated that the veteran's

3

preference "was born in the wake of World War I . . . . [and] it was clear the preference was intended to be absolute." Crabtree, 665 P.2d at 234. The section was later amended to include handicapped civilians, but had remained substantially unchanged despite nine legislative reviews. The District Court also noted that this Court in 1941 ruled the veteran's preference required that a city mayor hire a veteran if the veteran were qualified for the position. The intent, history, and application of the statute mandated a ruling that the preference was absolute. Crabtree, 665 P.2d at 234, citing Horvath v. Mayor of Anaconda (1941), 112 Mont. 266, 116 P.2d 874.

No such intent, history, or application of the state hiring policy is evident in this case. In fact, the statement of the record before us states unequivocally that the Department of Administration has treated the policy as a tie-breaker preference. The plaintiff points out that the agency's interpretation is not binding on the courts. However, the interpretation of an administrative rule is a question of law, and thus, one for the court. Montana Power Co. v. Environmental Protection Agency (9th Cir. 1979), 608 F.2d 334, 344; Culligan Water Conditioning v. State Board of Equalization (Cal. 1976), 550 P.2d 593, 596; Borkowski v. Snowden (Alaska 1983), 665 P.2d 22, 27.

The agency's interpretation of its rule is afforded great weight, Culligan Water, 550 P.2d at 596, and the court should defer to that interpretation unless it is "plainly inconsistent" with the spirit of the rule. Des Moines School District v. Job Service (Iowa 1985), 376 N.W.2d 605, 609. The agency's interpretation of the rule will be sustained so long as it lies within the range of reasonable interpretation permitted by the wording. Joint Board of Control of the Flathead, Mission and Jocko Irrigation District v. United States (D. Mont. 1986), 646 F.Supp. 410, 415.

4

The hiring policy does not clearly preclude the notion that it was intended only to resolve situations in which two persons, one of whom has been laid off from state work, are equally qualified for a state job. It imposes three qualifications. First, the agency must know of the laid-off employee; second, that laid-off employee must have the skills or training needed for the position; and third, the laid-off employee is not entitled to the job if he or she would not be compatible with the agency's affirmative action goals. Those qualifications preclude any notion of an absolute privilege. The District Court's interpretation of the policy and its jury instruction were not in error.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5