

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,<br><br>        Plaintiff-Counter-Defendant - Appellee,<br><br>v.<br><br>ERIC FEIT,<br><br>        Defendant-Counter-Plaintiff - Appellant. | No. 14-35283<br><br>D.C. Nos.   6:10-cv-00054-DWM<br>             6:11-cv-00001-DWM<br><br><br>MEMORANDUM[*] |
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,<br><br>        Plaintiff-Counter-Defendant - Appellant,<br><br>v.<br><br>ERIC FEIT,<br><br>        Defendant-Counter-Plaintiff - Appellee. | No. 14-35301<br><br>D.C. Nos.   6:10-cv-00054-DWM<br>             6:11-cv-00001-DWM |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted September 1, 2016[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and DAVIS,[***] Circuit Judges.

Appellant Eric Feit appeals several district court orders, including orders denying summary judgment, in these diversity of citizenship actions originating as a petition for judicial review under the Montana Human Rights Act ("Human Rights Act" or "the Act"). Appellee Burlington Northern Santa Fe Railway Company ("BNSF") timely filed a protective cross-appeal. Having carefully reviewed the contentions of the parties, we affirm.

**1.** We begin with an overview of the legal and procedural background of this case. The Human Rights Act prohibits an employer from refusing to employ a person on the basis of a "physical or mental disability." Mont. Code Ann. § 49-2-303(1)(a). A "physical or mental disability" is defined as "a physical or mental impairment that substantially limits one or more of a person's major life activities." *Id.* § 49-2-101(19)(a)(i). This definition encompasses both actual and perceived

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

impairments. *See id.* § 49-2-101(19)(a)(iii) (including "a condition regarded as such an impairment").

"Impairment" is not defined in the Act or elsewhere in the Montana Code. But a regulation implementing the closest federal analogue, the Americans with Disabilities Act ("ADA"), defines a "physical or mental impairment" as "[a]ny physiological disorder or condition . . . affecting one or more body systems" outlined in the regulation. 29 C.F.R. § 1630.2(h)(1).

The present case arises against this backdrop. BNSF rescinded a conditional offer of employment to Feit as a conductor trainee based on the "significant health and safety risks associated with [his] extreme obesity," which BNSF determined solely from Feit's body mass index. Feit sought relief before the Montana Department of Labor and Industry, which determined that BNSF had violated the Act. The Montana Human Rights Commission affirmed an award of substantial damages in favor of Feit.

BNSF sought judicial review of the administrative determination in the United States District Court for the District of Montana, proceeding on the basis of diversity of citizenship. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 791 (9th Cir. 2009) (affirming the cognizability of such actions). The central issue was whether obesity was an "impairment" under state law. To resolve this dispute over

statutory interpretation, the district court certified the following question to the Montana Supreme Court:

> Is obesity that is not the symptom of a physiological [disorder] a "physical or mental impairment" as it is used in the Montana Code Annotated § 49-2-101(19)(a)?

*BNSF Ry. Co. v. Feit*, 281 P.3d 225, 226 (Mont. 2012). The Montana Supreme Court answered the certified question with a qualified "yes."

In light of the response to the certified question, the district court twice remanded the case to the agency for additional factual findings and legal conclusions to determine whether Feit's obesity constituted an impairment under the newly delineated standard. Following the second remand, the agency unambiguously concluded that Feit's weight was within the normal range and thus his obesity "could not be considered an impairment."

Feit filed a cross-petition in the district court to challenge the revised, adverse determination. BNSF moved to strike the cross-petition as procedurally improper. The district court granted BNSF's motion and remanded to the agency to enter final judgment. Before any further action could be taken, Feit filed his notice of appeal, and BNSF then filed notice of the cross-appeal.

2.     We now address the contentions that Feit raises on appeal. Feit argues that the district court erroneously relied on *dicta* in the Montana Supreme Court's

4

opinion to conclude that "more than 100% over the norm" is a requirement of the standard for a cognizable "impairment." We review *de novo* a district court's interpretation of state law. *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015).

The district court articulated the controlling legal standard adopted by the Montana Supreme Court as follows: "[O]besity may be an impairment if: (1) the person's body weight is more than 100% over the norm and (2) the obesity affects one or more body systems." At issue here is a portion of the Montana Supreme Court's analysis in which the court relied on the Equal Employment Opportunity Commission's ("EEOC") interpretation of the federal regulation defining "physical or mental impairment" under the ADA. The Montana Supreme Court observed that, although the EEOC does not view normal weight deviations as impairments under the ADA, it does view "extreme" deviations, such as "severe obesity," as impairments if they affect one or more body systems. *Feit*, 281 P.3d at 229–30 (citations and internal quotation marks omitted). The court noted that the EEOC has defined "severe obesity" as having a "body weight more than 100% over the norm." *Id.* at 230 (citation and internal quotation marks omitted).

That analysis provided a limiting principle to the Montana Supreme Court's determination. The analysis described the types of obesity that the EEOC deems

5

"extreme" enough to qualify as impairments under the ADA, and as it stands, "severe obesity" is the only weight deviation that the EEOC has expressly recognized as having met that threshold. *See id.* ("[S]evere obesity . . . is clearly an impairment." (citation and internal quotation marks omitted)).

Because Montana courts often use regulations implementing analogous federal statutes as guidance, *Butterfield v. Sidney Pub. Sch.*, 32 P.3d 1243, 1245–46 (Mont. 2001), and afford great weight to an agency's interpretation of its own regulations, *see Easy v. State of Mont. Dep't of Nat. Res. & Conservation*, 752 P.2d 746, 748 (Mont. 1988) (citation omitted), the district court appropriately concluded that the Montana Supreme Court would rely on the EEOC's lone guidance to issue the most robust answer. We discern no error in the district court's decision to rely on this portion of the Montana Supreme Court's opinion in delineating the standard.

**3.** Feit also argues that collateral estoppel precluded BNSF from challenging the initial determination that BNSF had violated the Act. Although this contention is not entirely clear, he apparently contends that, because BNSF had been found liable in several disability cases decided before the Montana Supreme Court definitively interpreted the term "impairment" in the Act, he should have prevailed before the district court on preclusion principles. This contention must

6

be rejected because, in the district court, Feit never clearly identified the issue that he now claims BNSF is estopped from litigating.

**4.** Finally, Feit argues that the district court erred when it granted BNSF's motion to strike his cross-petition. We review the ruling on a motion to strike for abuse of discretion. *Meritage Homes of Nev., Inc. v. FDIC*, 753 F.3d 819, 823 (9th Cir. 2014). We conclude that the district court correctly sustained the denial of relief to Feit by the agency (albeit while also remanding for the entry of a formal order to that effect). Accordingly, any abuse of discretion by the district court in dismissing the cross-petition would amount to harmless error. *See Tritchler v. Cty. of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004) (citation omitted).

**5.** Because we affirm the judgment of the district court resolving the case in favor of BNSF, we need not, and do not, address the claims asserted in BNSF's protective cross-appeal.[1]

**AFFIRMED.**

---

[1] We deny the motion to strike the cross-appellant's reply brief.