MIDLANTIC NATIONAL BANK/NORTH, Petitioner,

v.

FEDERAL RESERVE BANK OF NEW YORK, Respondent,

and

Federal Deposit Insurance Corporation, as Receiver of Community National Bank and Trust Co., Judgment Debtor.

No. 92 Civ. 4079 (LAP).

United States District Court, S.D. New York.

Feb. 23, 1993.

Seth Natter, Natter & Natter, New York City, for Midlantic Nat. Bank/North.

Harry Abramson, FDIC–Legal Serv. Office (NY), New York City, for FDIC as Receiver of Community Nat. Bank.

## MEMORANDUM AND ORDER

PRESKA, District Judge.

The Federal Deposit Insurance Corporation (the "FDIC") has moved to dismiss for failure to state a claim the petition of Midlantic National Bank/North ("Midlantic") against Community National Bank and Trust Company of New York s/h/a Community National Bank and Trust Co. ("CNB"), and Midlantic has cross-moved for summary

judgment.[1] With the filing of its statement pursuant to Local Civil Rule 3(g), the FDIC requested that its motion be treated as a motion for summary judgment. At the parties' request, therefore, the motions will be treated as cross motions for summary judgment. For the reasons set forth below, the FDIC's motion is granted, and Midlantic's motion is denied.

## BACKGROUND

The parties agree substantially as to the facts. On September 20, 1991, a money judgment for $38,903.59 against CNB was entered in favor of Midlantic in the Supreme Court of the State of New York, New York County (the "money judgment"). On October 3, 1991, Midlantic served a Restraining Notice upon the Federal Reserve as to the money judgment.[2] On November 8, 1991, the Office of the Comptroller of the Currency declared CNB insolvent and appointed the FDIC as CNB's receiver.[3]

Midlantic thereafter filed a Proof of Claim with the FDIC for the full amount of the money judgment. On July 23, 1992, the FDIC issued Midlantic a Receiver's Certificate honoring the full amount of the money judgment, and the FDIC paid Midlantic one half of the money judgment as an advance dividend on the Receiver's Certificate.

The FDIC argues that Midlantic has no secured interest in the receivership funds because Midlantic did not deliver an execution to a sheriff for seizure of, or levy upon, the funds prior to the FDIC's appointment as CNB's receiver. Accordingly, the FDIC contends that the administrative procedures

for adjudicating claims against the FDIC—the procedures under which Midlantic filed its Proof of Claim and obtained the Receiver's Certificate—are the exclusive method by which Midlantic can seek recovery of the money judgment. *See* 12 U.S.C. § 1821(d)(13)(D) (unless otherwise provided, no court shall have jurisdiction over an action for payment from or seeking a determination of rights with respect to assets of an institution for which the FDIC has been appointed receiver). For these reasons, the FDIC asserts that it is entitled to judgment.[4] Midlantic, on the other hand, argues that it can execute the money judgment upon the restrained funds despite the appointment of the FDIC as CNB's receiver because the Restraining Notice prevented the FDIC from possessing the funds. *Cf.* 12 U.S.C. § 1821(d)(13)(C) ("No attachment or execution may issue by any court upon assets in the possession of the receiver.").

## DISCUSSION

■ The relevant statute is the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183 (codified as amended in scattered sections of 12 U.S.C.). FIRREA contains procedures for the FDIC to process claims, 12 U.S.C. § 1821(d)(3)–(10), and the FDIC appears to have substantially complied with FIRREA in reviewing the Proof of Claim and issuing the Receiver's Certificate to Midlantic in this case.[5] The extension of a 50% advance payment pending the determination of the *pro rata* share due Midlantic in the liquidation of CNB also appears to be

1. The Federal Reserve Bank of New York (the "Federal Reserve") appears as respondent because it holds the funds at issue in this action.

2. The Federal Reserve is restraining funds in a sum equal to twice the money judgment plus interest as a result of the Restraining Notice.

3. The only significant disagreement between the parties concerns the implications of the FDIC becoming CNB's receiver. The FDIC asserts that it succeeded to all the rights, titles, powers, privileges, and assets of CNB, including the funds sought by Midlantic, upon appointment as receiver. *See* 12 U.S.C. § 1821(d)(2)(A). Mid-

lantic, however, contends that the FDIC succeeded only to CNB's claim to the funds, subject to the Restraining Notice and a judicial determination.

4. In addition, the FDIC seeks an order pursuant to Fed.R.Civ.P. 60(b)(5) declaring the money judgment satisfied and an order declaring the Restraining Notice null and void.

5. Midlantic claims that the FDIC did not act on the Proof of Claim within the 180-day period set out in 12 U.S.C. § 1821(d)(5)(A), but this transgression, if true, would not affect the Court's analysis.

consistent with FIRREA. *See* 12 U.S.C. § 1821(d)(10)(A); 12 U.S.C. § 1821(i)(2).

From this, the FDIC summarily states that Midlantic cannot pursue the money judgment beyond the procedures described above because of FIRREA's "exclusive and preemptive" nature. Aside from the fact that it is not clear whether FIRREA is preemptive in this area, *cf. Resolution Trust Corp. v. Diamond,* 801 F.Supp. 1152 (S.D.N.Y.1992) (FIRREA not preemptive of state rent and securities laws), Midlantic appears to seek to pursue the money judgment *within* the strictures of FIRREA. As Midlantic points out, FIRREA requires the FDIC to "abide by any final unappealable judgment of any court of competent jurisdiction which was rendered prior to the appointment of the [FDIC as receiver]." 12 U.S.C. § 1821(d)(13)(A). Thus, FIRREA requires the FDIC to "abide by" the money judgment. Of course, this raises the question of whether the FDIC has done so.

▶ ■ Midlantic obtained the money judgment and then served the Restraining Notice on the Federal Reserve. As the FDIC correctly points out, the Restraining Notice prohibits the transfer of property but does not create a lien or give a special priority; accordingly, the Restraining Notice prevented the Federal Reserve from transferring funds but gave Midlantic no priority as to the distribution of the funds. *See Aspen Indus. v. Marine Midland Bank,* 52 N.Y.2d 575, 439 N.Y.S.2d 316, 421 N.E.2d 808 (Ct.App.1981). Placed in this context, the FDIC's action—issuance of the Receiver's Certificate—appears to abide by Midlantic's receipt of the money judgment.

■ Moreover, whatever the effect of the Restraining Notice,[6] Midlantic could not take action against CNB's assets after the FDIC was appointed receiver. *See* 12 U.S.C. § 1825(b)(2) (no levy, attachment, garnishment, foreclosure, or sale of "property of the [FDIC]"). Accordingly, the Restraining Notice does not aid Midlantic in any manner. In fact, the Restraining Notice expired in

6. The parties agree that the appointment of the FDIC as receiver vested title as to the restrained

October 1992, one year after service, pursuant to N.Y.Civ.Prac.L. & R. 5222(b) (McKinney 1978).

Thus, Midlantic is not entitled to any relief beyond what the FDIC has given it—a Receiver's Certificate for the full amount of the money judgment. The FDIC has abided by the money judgment and complied with FIRREA, and the Restraining Notice does not affect the FDIC's obligations. If the Court were to allow Midlantic to proceed on the money judgment at this time, Midlantic would effectively circumvent the statutory procedures established in order to allow equitable distribution of an insolvent bank's assets; the Court obviously cannot sanction such a renegade procedure.

### CONCLUSION

For the reasons stated above, the FDIC's motion for summary judgment is granted, and Midlantic's cross-motion is denied. In addition, the money judgment is declared satisfied pursuant to Fed.R.Civ.P. 60(b)(5), and the Restraining Notice is declared null and void. The parties shall bear their own costs.

SO ORDERED.