36 F.3d 891
 RESOLUTION TRUST CORPORATION AS RECEIVER FOR OCCIDENTAL
NEBRASKA SAVINGS BANK, F.S.B., Plaintiff-Appellant,
v.
TITAN FINANCIAL CORPORATION, a California Corporation;
Frances Pikush, Defendants,
and
Gilbert Sellan, Defendant-Appellee.
 Nos. 92-15419, 92-16194.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Oct. 4, 1994.
 
 Gilda R. Turitz and Eric Stein, Graham & James, San Francisco, CA, for plaintiff-appellant.
 Philip J. Dabney, Haney & McBride, Las Vegas, NV, for defendant-appellee.
 Appeals from the United States District Court for the District of Nevada.
 Before: CHOY, D.W. NELSON, and NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellee Gilbert Sellan was a personal guarantor of a promissory note secured by a deed of trust. When the principal debtor defaulted on the note, the property was foreclosed in a nonjudicial sale. The Resolution Trust Corporation ("RTC") sued Sellan, seeking a deficiency judgment for the difference between the amount realized at the sale and the amount due on the promissory note. The district court granted summary judgment for Sellan, and, on appeal, we affirmed. Sellan now moves for attorney's fees in the amount of $39,281.94. We grant Sellan's motion, but deduct from the total $440 for unrelated matters and $11,215.75 for inappropriate, duplicative, or excessive entries in the time sheets. The total amount of fees owed, thus, is $27,626.19.[1]
 
 
 2
 The only remaining issue is whether Sellan is entitled to "cash or its equivalent" to pay the attorney's fees, or only a receiver's Certificate of Award. We hold that a Certificate of Award is sufficient.
 
 
 3
 In response to the growing problem of bank failures, Congress adopted the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101-73, Sec. 212(d) (codified as amended at the Federal Deposit Insurance Act, 12 U.S.C. Sec. 1821(d)). FIRREA does not indicate whether a failed institution or its receiver may use a Certificate of Award to pay creditors. We hold that it may.
 
 
 4
 In so holding, we agree with two other courts which have addressed this issue. In Franklin Bank v. F.D.I.C., 850 F.Supp. 845, 847 (N.D.Cal.1994), the Northern District of California stated that allowing Certificates of Award avoided subverting the comprehensive procedures established by FIRREA, including provisions limiting recovery on an unsecured general creditor claim against a failed institution to a pro rata share of the proceeds of the liquidation of the failed institution, 12 U.S.C. Sec. 1821(i)(2). To hold otherwise, the court reasoned, would be to allow the creditor to "jump the line." 850 F.Supp. at 849. In Midlantic National Bank/North v. Federal Reserve Bank of New York, 814 F.Supp. 1195 (S.D.N.Y.1993), the Southern District of New York agreed. It held that the creditor was not entitled to more than "a Receiver's Certificate for the full amount of the money judgment," lest the creditor "effectively circumvent the statutory procedures established to allow equitable distribution of an insolvent bank's assets." 814 F.Supp. at 1197.
 
 
 5
 We hold that Sellan is entitled only to a Certificate of Award, not "cash or its equivalent." Accordingly, the RTC, as receiver, may pay Sellan's attorney's fees on appeal in the form of a Certificate of Award in the amount of $27,626.19.
 
 
 
 [1]
 The RTC argues that Sellan did not file a timely motion for attorney's fees in appeal number 92-15419, but only in appeal number 92-16194. The omission was simply a clerical error and we decline to dock Sellan $17,472.50 on this unduly technical ground