**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERITAGE HOMES OF NEVADA, INC., FKA MTH-Homes Nevada Inc., *Plaintiff-Appellant*, v. FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for First National Bank of Nevada, Successor-in-Interest to First National Bank of Arizona; INCA CAPITAL FUND 37 LLC, *Defendants-Appellees*. | No. 12-15663 D.C. No. 2:09-cv-01950-PMP-RJJ OPINION |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted
March 11, 2014—San Francisco, California

Filed April 15, 2014

Before: J. Clifford Wallace, M. Margaret McKeown,
and Ronald M. Gould, Circuit Judges.

Opinion by Judge Wallace

## SUMMARY[*]

### Satisfaction of Judgment

The panel affirmed the district court's orders in an appeal brought by Meritage Homes of Nevada, Inc. challenging the denial of its motion to strike or in the alternative issue a summons to certain third parties to the action, and denying Meritage's motion for reconsideration.

Meritage obtained a default judgment against the Federal Deposit Insurance Corporation ("FDIC"), and the FDIC provided Meritage with a receiver's certificate in the amount of the judgment. Meritage sought to have the district court strike the FDIC's satisfaction of judgment and instead direct the FDIC to pay the judgment "in cash." Alternatively, Meritage requested that the district court issue a summons to a pair of third parties to the action, Rescon and Stearns.

The panel held that the district court did not abuse its discretion in ruling that the receiver's certificate satisfied the judgment against the FDIC. The panel also held that the district court did not commit clear error in declining to issue a summons to third parties Rescon and Stearns.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Alexander Arpad (argued) and Christopher H. Byrd, Fennemore Craig Jones Vargas, P.C., Las Vegas, Nevada, for Petitioner-Appellant.

Joseph Brooks (argued), Kathryn R. Norcross, and Lawrence H. Richmond, Federal Deposit Insurance Corporation, Arlington, Virginia, for Defendant-Appellee.

**OPINION**

WALLACE, Senior Circuit Judge:

Appellant Meritage Homes of Nevada, Inc. (Meritage) appeals from the district court's judgment and challenges orders denying its motion to strike or, in the alternative, issue a summons to certain third parties to this action and denying its motion for reconsideration. The crux of the dispute is whether the district court abused its discretion when it allowed the Federal Deposit Insurance Corporation (FDIC) to satisfy a judgment against it with a receiver's certificate rather than with cash. The district court had jurisdiction under 12 U.S.C. § 1819(b)(2) & 28 U.S.C. § 1331, we have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

This case began in 2009, when Meritage submitted an administrative claim to the FDIC in its capacity as receiver for the First National Bank of Nevada (First National). In its administrative claim, Meritage asserted that it had provided certain services to INCA Capital Fund 37, LLC (Inca)

pursuant to agreements that also involved First National's predecessor bank, which had "agreed to timely perform and cure all unfulfilled obligations of Inca" under the agreements. As a result of these agreements, Meritage stated that First National was "justly indebted" to it.

The FDIC disallowed Meritage's administrative claim. It explained its decision by stating that the documentation for the claim had not provided "proof of a guarantee or promise to fulfill the obligations of the borrower." In response, Meritage filed this action in the District of Nevada. In its complaint, Meritage brought various claims against both Inca and the FDIC. In particular, Meritage alleged that it had been "damaged by [First National's] breach of the [agreements discussed above]"; that the FDIC, "as receiver for [First National]," was "liable for breach of the covenant of good faith and fair dealing due to [First National's] failure to satisfy all obligations of Inca under [one of the agreements]; and that the FDIC had been "unjustly enriched by Meritage's valuable, uncompensated work" as a "result of non-payment by [First National] . . . for which the FDIC is now liable."

When neither the FDIC nor Inca responded to the complaint, Meritage moved for default judgment, which the district court granted. The judgment entered by the district court stated that Meritage had performed on its agreements with Inca and First National, and that payment to Meritage had become due for this work "no later than June 28, 2008." The judgment went on to state that "[o]n or about July 25, 2008, the FDIC was appointed receiver of [First National], thereby assuming all assets and liabilities of [First National], including the obligation to pay Meritage for the breach of [the agreements]." Accordingly, judgment was entered in favor of Meritage and "against the FDIC and [Inca], jointly and

severally, in the principal amount of $436,357.12," along with interest.  The judgment did not specify how it should be satisfied.

Subsequently, the FDIC provided Meritage with a receiver's certificate in the amount of the judgment.  The FDIC also filed with the district court a Satisfaction of Judgment, in which it stated that it had "satisfied" the judgment entered against it by delivering a receiver's certificate to Meritage.  In response, Meritage filed a motion styled as a "Motion to Strike Satisfaction of Judgment, Impose Cash Payment Liability, or, in the Alternative Issue Summons for Joint Obligors" (Motion to Strike).  In its Motion to Strike, Meritage sought to have the district court strike the FDIC's Satisfaction of Judgment and instead direct the FDIC to pay the judgment "in cash."  In the alternative, Meritage requested that the district court issue a summons to a pair of third parties to this action (Rescon and Stearns). Meritage made this request on the basis of its assertion that Rescon and Stearns were "joint obligors" on the judgment. Thus, Meritage contended that it was "entitled to pursue its remedies" against Rescon and Stearns "pursuant to the execution provisions of the Nevada Revised Statutes," and requested that a summons be issued to Rescon and Stearns accordingly.

The district court denied Meritage's Motion to Strike and found that the receiver's certificate had "effectively satisfie[d]" the judgment.  Meritage then moved for reconsideration, which the district court also denied.  This appeal followed.

II.

We begin our analysis by considering the appropriate standards of review.  The present appeal is from the district court's denial of Meritage's motion for reconsideration, which we would normally review for abuse of discretion.  *See Shalit v. Coppe*, 182 F.3d 1124, 1126–27 (9th Cir. 1999).  In that motion for reconsideration, Meritage sought to have the district court reconsider its ruling on the Motion to Strike discussed above.  Our precedent does not make clear the standard of review for a district court's ruling on such a motion.  Moreover, the legal basis for the Motion to Strike is unclear.   The motion itself does not identify the legal authority under which it was brought, and the district court denied the motion in a terse order that offers no explanation of its ruling.

Without reaching the abstract question of the standard of review for *any* motion to strike the satisfaction of a judgment, we conclude that the appropriate standard of review for the district court's ruling on the particular motion before us is abuse of discretion.  Regardless of how it was captioned, the motion brought by Meritage was effectively a motion to amend the judgment.  We construe the motion in that light because it sought to require the FDIC to satisfy the judgment with cash rather than a receiver's certificate, even though the judgment itself did not state such a requirement.  Because a district court's decision "regarding a motion to amend the judgment" is reviewed for abuse of discretion, *Barber v. State of Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994), we conclude that the proper standard of review for the ruling on the Motion to Strike in this case is abuse of discretion.

Meritage's Motion to Strike in the alternative also requested the district court to issue a summons to Rescon and Stearns pursuant to "the execution provisions of the Nevada Revised Statutes," N.R.S. § 17.030. Again, our precedent does not make clear the standard of review under which we are to consider a district court's ruling on such a request. Indeed, in the Motion to Strike, Meritage acknowledged that there "has been no case law interpreting" the relevant provisions of the Nevada Revised Statutes.

In the absence of any such case law, we conclude that the proper standard of review for the district court's ruling here is clear error. We reach this conclusion by analogizing to our precedent dealing with summonses issued by the Internal Revenue Service (IRS). *See, e.g.*, *United States v. Jose*, 131 F.3d 1325, 1327–28 (9th Cir. 1997) (en banc) (discussing generally the summons power of the IRS). The IRS is "authorized by statute to inquire into tax liabilities" by issuing summonses to third parties "in connection with a tax liability investigation," but must bring an action in district court to enforce such a summons. *United States v. Richey*, 632 F.3d 559, 564 (9th Cir. 2011) (citation omitted). Likewise, Meritage's Motion to Strike was based on the premise that Meritage was authorized by a statute—here, section 17.030 of the Nevada Revised Statutes—to seek to have a summons issued against third parties to this action. In the IRS context, we "review the district court's summons-enforcement decisions for clear error." *Id.* at 563 (citation omitted). Thus, analogously, we hold that the district court's denial of Meritage's request for a summons is to be reviewed for clear error.

III.

Having established the standards of review, we turn to the merits. We first consider whether the district court abused its discretion by declining to strike the FDIC's Satisfaction of Judgment and instead finding that the receiver's certificate had satisfied the judgment against the FDIC. We then consider whether the district court clearly erred when it declined to issue a summons to Rescon and Stearns.

A.

As discussed above, we review the district court's denial of Meritage's Motion to Strike for abuse of discretion. In deciding whether the district court abused its discretion, we "employ a two-part test." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). First, we "determine de novo whether the trial court identified the correct legal rule to apply to the relief requested." *Id.* (citation omitted). Second, we determine whether the "district court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (citation omitted). "A decision based on an erroneous legal standard or a clearly erroneous finding of fact amounts to an abuse of discretion." *Id.*

In this context, the "correct legal rule" is clear. We have expressly held that "[t]here is no question that the FDIC may pay creditors with receiver's certificates instead of with cash." *Battista v. FDIC*, 195 F.3d 1113, 1116 (9th Cir. 1999). As we explained in *Battista*, "[t]o require the FDIC to pay certain creditors in cash would allow those creditors to 'jump the line,' recovering more than their pro rata share of the liquidated assets, if the financial institution's debts exceed its

assets." *Id.* We reached the same conclusion in *Resolution Trust Corp. v. Titan Financial Corp.*, the first case in which we held that a receiver's certificate may be used by the FDIC "to pay creditors." 36 F.3d 891, 892 (9th Cir. 1994). In reaching that conclusion, we expressly "agree[d] with two other courts which have addressed this issue." *Id.* One of those two cases was *Midlantic National Bank/North v. Federal Reserve Bank of New York*, 814 F. Supp. 1195 (S.D.N.Y. 1993). In *Midlantic*, the court considered a "money judgment" that had been entered in favor of the plaintiff by another court. *Id.* at 1196. That plaintiff received a receiver's certificate from the FDIC for the "full amount of the money judgment" rather than cash. *Id.* The court concluded that the plaintiff was "not entitled to any relief beyond" the receiver's certificate it had received, and that to conclude otherwise would be to "effectively circumvent the statutory procedures established in order to allow equitable distribution of an insolvent bank's assets." *Id.* at 1197. In *Resolution Trust*, we endorsed the holding of *Midlantic* and concluded that the plaintiff was entitled only to a receiver's certificate, and not "cash or its equivalent." *Resolution Trust*, 36 F.3d at 892–93.

*Battista* and *Resolution Trust* hold that a party with a "money judgment" against the FDIC is a creditor of the FDIC, and thus is entitled only to a receiver's certificate, and not to cash. Accordingly, we hold that the district court did not abuse its discretion when it ruled that the receiver's certificate provided to Meritage by the FDIC satisfied the judgment in this case.

Meritage's argument to the contrary is premised on our decision in *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997). However, *Sharpe* is not controlling. In *Sharpe*, we

considered an action that arose following a settlement agreement between the plaintiffs and a bank. *Id.* at 1150. Although the settlement agreement's "express terms" required the bank to make a payment to the plaintiffs via a wire transfer of funds, in exchange for certain documents, the bank instead provided two cashier's checks after receiving the documents. *Id.* at 1150–51. The same day, state regulators seized the bank, and the FDIC was appointed as the bank's receiver. *Id.* at 1151. The FDIC "took possession of the documents" delivered by the plaintiffs to the bank, but then notified the plaintiffs that the cashier's checks "would not be honored." *Id.* Instead, the FDIC instructed the plaintiffs to file an administrative claim, which led to the FDIC giving the plaintiffs a receiver's certificate in partial satisfaction of their claim. *Id.*

On appeal, we held that the plaintiffs were "not creditors of the FDIC." *Id.* at 1156. We explained that the plaintiffs "cannot be considered creditors of the FDIC" because they were "a party to a *pre-receivership contract breached by the FDIC*." *Id.* at 1157 (emphasis added). This distinction was critical to our holding. As we stated, it was "only as a consequence of the FDIC's breach [of the pre-receivership contract] that the FDIC [could attempt to] construe the [plaintiffs] as creditors of the FDIC." *Id.* at 1156. We rejected that argument, explaining that if we were to "endorse the FDIC's assertion that the [plaintiffs were] creditors," then the "FDIC would be free to breach any pre-receivership contract, keep the benefit of the bargain, and then escape the consequences by hiding behind the [administrative] claims process." *Id.*

Thus, our holding in *Sharpe* was predicated on our conclusion that the plaintiffs in that case were *not* creditors of

the FDIC. Instead, we stated that the plaintiffs had a pre-receivership contract that had been breached by the FDIC in its role as receiver. As we pointed out, the FDIC is not allowed to breach contracts and then "hid[e] behind" its administrative claims process. *Id.* That is, the FDIC may not breach a contract and then compel the other party to the contract to accept a receiver's certificate, as the result of the FDIC's claims process, rather than the "benefit of the bargain" provided for in the contract itself. *Id.*

Therefore, *Sharpe* does not control the outcome of this case. That is because Meritage, unlike the plaintiffs in *Sharpe*, *is* a creditor of the FDIC. Here, unlike in *Sharpe*, it was First National, rather than the FDIC, that breached the relevant agreements with Meritage. *See supra* at 4. Thus, because the *FDIC* did not breach any pre-receivership contract, *Sharpe* is inapposite.

We find further support for this view in our decision in *McCarthy v. FDIC*, 348 F.3d 1075 (9th Cir. 2003). In *McCarthy*, we explained that *Sharpe* "was an unusual case." *Id.* at 1078. We emphasized that our holding in *Sharpe* was predicated on the fact that the plaintiffs in that case "were not creditors" of the FDIC, and that the FDIC's own breach of contract could not render those plaintiffs "creditors subject to the claims process." *Id.* Thus, in *McCarthy*, we held that *Sharpe* is not controlling outside of its limited context. *Id.* at 1077–78. We reach the same conclusion here.

Finally, Meritage argues in its opening brief that the receiver's certificate cannot satisfy the judgment in this case, because such a certificate "does not avoid a security interest." Subsequently, however, Meritage has backed away from this position. In its reply brief, Meritage qualified this position by

stating that it "does not claim to have a . . . common security interest." Moreover, at oral argument, counsel for Meritage flatly asserted that Meritage "do[es] not claim that we had a security interest." Regardless, Meritage did not present this argument before the district court, which precludes Meritage from raising it on appeal. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994) (explaining that "[i]ssues not presented to the district court cannot generally be raised for the first time on appeal"). Accordingly, we reject this argument.

In sum, we hold that the district court did not abuse its discretion in ruling that the receiver's certificate satisfied the judgment against the FDIC.

B.

We now turn to the district court's denial of Meritage's request for a summons to Rescon and Stearns. As stated above, we review this decision for clear error. Under the clear error standard, "[a]s long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (citation omitted).

Here, the question is whether the district court committed clear error in not issuing a summons pursuant to section 17.030 of the Nevada Revised Statutes, which provides that "[w]hen a judgment is recovered against one or more of several persons jointly indebted upon an obligation . . . those who were not originally served with the summons and did not appear to the action *may* be summoned to show cause why

they should not be bound by the judgment in the same manner as though they had been originally served with the summons." N.R.S. § 17.030 (emphasis added). As pointed out above, Meritage asserted before the district court that there has been "no case law interpreting" this section of the Nevada Revised Statutes. Likewise, we are not aware of any such law. In general, however, it is a principle of statutory construction that the "word 'may,' when used in a statute, usually implies some degree of discretion." *Sauer v. U.S. Dep't of Educ.*, 668 F.3d 644, 651 (9th Cir. 2012) (citation omitted). Here, the statute clearly says that parties who were not originally served with the summons "may be summoned," not that they "shall be summoned." In light of the principle that the word "may" implies "some degree of discretion," and in the absence of any cases interpreting this statute, we hold that the statute leaves it to the discretion of the trial court whether to issue such a summons. Thus, we conclude that the district court "got the law right," *Shell Offshore, Inc.*, 709 F.3d at 1286, insofar as it implicitly determined that the decision whether to issue a summons was within its discretion. Under clear error review, that is the end of our inquiry, as this "significantly deferential" standard does not permit us to reverse even if we were "convinced [we] would have found differently." *United States v. Torlai*, 728 F.3d 932, 937 (9th Cir. 2013) (citations omitted).

Accordingly, we hold that the district court did not commit clear error in declining to issue a summons to Rescon and Stearns. In so holding, we express no conclusion regarding the possible liability of either Rescon or Stearns.

IV.

In conclusion, we hold that the district court did not abuse its discretion in ruling that the receiver's certificate satisfied the judgment against the FDIC. We also hold that the district court did not commit clear error in declining to issue a summons to Rescon and Stearns.

**AFFIRMED**.