NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEKSANDR L. YUFA,**
*Plaintiff-Appellant*

**v.**

**TSI, INCORPORATED,**
*Defendant-Appellee*

---

2016-1784

---

Appeal from the United States District Court for the Northern District of California in No. 4:09-cv-01315-KAW, Magistrate Judge Kandis A. Westmore.

---

Decided: November 9, 2016

---

ALEKSANDR L. YUFA, Colton, CA, pro se.

COURTLAND COLLINSON MERRILL, Anthony Ostlund Baer & Louwagie P.A., Minneapolis, MN, for defendant-appellee. Also represented by DANIEL RYAN HALL.

---

Before PROST, *Chief Judge,* REYNA and WALLACH, *Circuit Judges.*

PER CURIAM.

This appeal concerns the appointment of a receiver to satisfy a judgment awarding attorney fees and costs. Appellant Dr. Aleksandr L. Yufa appeals an interlocutory order issued by the U.S. District Court for the Northern District of California ("District Court"), which granted-in-part and denied-in-part Appellee TSI, Inc.'s ("TSI") renewed motion to appoint Greyhound IP LLC ("Greyhound") as receiver and to compel the assignment of Dr. Yufa's patents to Greyhound. Appellant's App. 31–35 (Order). We affirm.

## BACKGROUND

Dr. Yufa owns U.S. Patent Nos. 7,573,573, 7,439,855, 6,034,769, 5,969,665, 5,946,091, 5,767,967, and 6,346,983 ("the '983 patent") (collectively, "the Patent Portfolio"). He has filed at least nine suits for patent infringement, involving no less than eight appeals to this court related to the Patent Portfolio.

The present appeal follows from Dr. Yufa's filing of a complaint in the District Court alleging that TSI's predecessor-in-interest infringed the '983 patent. The District Court granted summary judgment of noninfringement in favor of TSI. *See generally Yufa v. TSI, Inc.*, No. CV 09-01315-KAW, 2014 WL 2120023 (N.D. Cal. May 21, 2014). TSI moved for attorney fees and costs, and the District Court found that Dr. Yufa's claims of infringement were "objectively baseless," granted TSI's motion, and awarded TSI $166,364.88. *See Yufa v. TSI, Inc.*, No. CV 09-01315-KAW, 2014 WL 4071902, at *5 (N.D. Cal. Aug. 14, 2014); Appellant's App. 32.

TSI filed a motion to appoint Greyhound as receiver and to compel the assignment of the Patent Portfolio to Greyhound to satisfy the Judgment. Appellant's App. 32. The District Court denied TSI's motion without prejudice pending Dr. Yufa's appeal of the District Court's grant of

summary judgment. *Id.* On appeal, we affirmed the District Court's grant of summary judgment of noninfringement in favor of TSI. *See Yufa v. TSI, Inc.*, 600 F. App'x 747, 754 (Fed. Cir. 2015). We did not reach the attorney fees and costs issue because Dr. Yufa waived this argument. *Id.*

Following that decision, TSI renewed its motion to appoint a receiver and to compel the assignment of the Patent Portfolio. Appellant's App. 32. The District Court appointed Greyhound as receiver but "decline[d] to assign the [Patent Portfolio] until it is provided with a valuation," at which time "TSI may file a second motion to compel the assignment of the [Patent Portfolio]." *Id.* at 35.

Dr. Yufa timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(2), (c)(1) (2012).

DISCUSSION

I. Standard of Review

We review procedural matters not unique to patent law according to the law of the regional circuit. *Juicy Whip, Inc. v. Orange Bang, Inc.*, 382 F.3d 1367, 1370 (Fed. Cir. 2004). The Ninth Circuit reviews district court orders appointing a receiver for abuse of discretion. *Can. Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). "In deciding whether the district court abused its discretion, [the Ninth Circuit] employ[s] a two-part test." *Meritage Homes of Nev., Inc. v. Fed. Deposit Ins. Corp.*, 753 F.3d 819, 823 (9th Cir. 2014) (internal quotation marks and citation omitted). First, the court "determine[s] de novo whether the trial court identified the correct legal rule to apply to the relief requested." *Id.* (internal quotation marks and citation omitted). Second, the court "determine[s] whether the district court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that

may be drawn from the facts in the record." *Id.* (internal quotation marks and citation omitted).

## II. The District Court Did Not Abuse Its Discretion When It Appointed Greyhound as Receiver

### A. The District Court Identified the Correct Legal Rule

We begin by evaluating whether the District Court "identified the correct legal rule to apply to the relief requested." *Id.* (internal quotation marks and citation omitted). It did.

The enforcement of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Although Federal Rule of Civil Procedure 66 permits a court to appoint a receiver, it does not detail the procedures that must be followed. *See* Fed. R. Civ. P. 66. Therefore, as the District Court explained, California state law governs the appointment of a receiver. Appellant's App. 33; *see Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 999 (9th Cir. 2014) ("While Rule 66 prevails over state law to the extent it applies, it does not provide a different standard for the appointment of a receiver than one found under Washington law. Therefore, we consider Washington law when reviewing the district court's order appointing a receiver.").

The District Court correctly identified the applicable California law. Appellant's App. 33–34. Pursuant to the California Code of Civil Procedure, "[t]he provisions of Chapter 5 . . . of Title 7 govern the appointment, qualifications, powers, rights, and duties of a receiver." Cal. Civ. Proc. Code § 708.610 (1983). In conducting its analysis, the District Court evaluated both the propriety of the District Court's appointment of a receiver, consistent with California Code of Civil Procedure § 708.620, and the receiver's authorities, consistent with California Code of Civil Procedure §§ 568, 568.5. Appellant's App. 33–34.

The District Court thus identified the correct legal standard.

### B. The District Court Properly Applied the Correct Legal Standard

We next evaluate "whether the district court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Meritage Homes*, 753 F.3d at 823 (internal quotation marks and citation omitted). We discern no error in the District Court's application of the law.

Dr. Yufa argues that the District Court's decision to appoint a receiver conflicts with California Code of Civil Procedure § 708.620 because it is not in his interest and it "is not a reasonable method to obtain the fair satisfaction of judgment." Appellant's Br. 30 (emphasis omitted); *see id.* at 29–31. California Code of Civil Procedure § 708.620 provides that "[t]he court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain a fair and orderly satisfaction of the judgment." Cal. Civ. Proc. § 708.620. This provision does not mean that a debtor may avoid his legal liabilities, including any payment owed. TSI was awarded a judgment for expenses from defending against Dr. Yufa's infringement action, and "there is no dispute that Dr. Yufa has no . . . financial means" other than the Patent Portfolio "to satisfy the judgment at this time." Appellant's App. at 34, 35. The District Court properly considered each parties' arguments and determined that appointment of a receiver was in both parties' interests. *Id.* at 34.

Second, Dr. Yufa asserts that appointing a receiver is premature because he is involved in litigation involving the Patent Portfolio. Appellant's Br. 31–33. However, the

California Code of Civil Procedure permits receivers to "take and keep possession of the property, . . . to make transfers, and generally to do such acts respecting the property as the Court may authorize," Cal. Civ. Proc. Code § 568, such as to "sell real or personal property in the receiver's possession," *id.* at § 568.5. Dr. Yufa has not identified any authority supporting his argument that property involved in active litigation may not be assigned to a receiver. Appellant's Br. 31–43. And a party's legal obligations are case-dependent and do not evaporate when a party becomes involved in separate litigation. More importantly, the District Court did not order the assignment of any of Dr. Yufa's patents; it only appointed the receiver and ordered a valuation of the Patent Portfolio. Appellant's App. 35. Therefore, the District Court may elect not to assign patents involved in active litigation.

The District Court's application of the law was not "illogical," "implausible," or "without support in inferences that may be drawn from the facts in the record." *Meritage Homes*, 753 F.3d at 823 (internal quotation marks and citation omitted). The District Court properly applied the correct legal standard and determined that appointing a receiver was a reasonable method to obtain a fair and orderly satisfaction of the Judgment.

## CONCLUSION

A pro se party typically will not possess the same skills as a seasoned litigant educated in the profession, and the Supreme Court has instructed the federal judiciary to assist such parties when appropriate. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, that assistance has limits and does not transform an inherently adversarial system into one that accommodates only the views of one party. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). At some point, a pro se plaintiff has to recognize that when a court says a cause of action

is without merit, the defendant can no longer be forced to incur expenses associated with the litigation and must be allowed to collect money owed. Failure to accept that objective reality must necessarily result in the pro se plaintiff bearing the expenses the defendant is being forced to pay without good reason. This is such a case. We have considered Dr. Yufa's remaining arguments to the contrary and find them unpersuasive. Accordingly, the Order of the U.S. District Court for the Northern District of California is

**AFFIRMED**