**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MERITAGE HOMES OF NEVADA, INC. f/k/a MTH-HOMES NEVADA, INC., | No. 15-15394 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01425-RFB-PAL |
| v. | |
| FNBN-RESCON I, LLC; STEARNS BANK, N.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted[**] February 17, 2017
San Francisco, California

Before: W. FLETCHER, FUENTES[***], and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Julio M. Fuentes, Senior Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Appellant Meritage Homes of Nevada filed a complaint against Appellees FNBN-RESCON I and Stearns Bank seeking damages on an unfulfilled contractual promise by First National Bank whose assets are now owned by RESCON I and Stearns Bank. The District Court dismissed the entire complaint, finding, *inter alia*, that Meritage's claims are jurisdictionally barred by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA" or "the Act"). We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we review *de novo* a dismissal for lack of subject matter jurisdiction. *Rainero v. Archon Corp.*, 844 F.3d 832, 836 (9th Cir. 2016). Because Meritage has already prevailed before this Court, seeking relief on the same contract, against the Federal Deposit Insurance Corporation ("FDIC") acting as receiver for First National Bank, we affirm.

Congress enacted FIRREA, codified at 12 U.S.C. § 1811, *et seq.*, to manage the savings and loan crisis in the late 1980s. *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060 (9th Cir. 2014). One of the ways the law sought to ensure fair and orderly distribution of assets is to impose one uniform set of claim procedures for all creditors with claims against institutions in liquidation. *Id.* At the same time, the Act disallows judicial review of "any claim relating to any act or omission of such institution or the Corporation as receiver" submitted outside of

2

the prescribed claims procedures. 12 U.S.C. § 1821(d)(13)(D)(ii); *see also Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012).

In January 2009, shortly after First National Bank was put into receivership, Meritage made its first attempt to recover $436,357 for work performed under a construction agreement to make improvements upon a parcel of land a borrower purchased with a loan from First National Bank. It dutifully followed the claims procedure set out in FIRREA and submitted to FDIC a timely Proof of Claim. The FDIC initially disallowed the claim because Meritage failed to "provide proof of a guarantee or promise to fulfill the obligations of the borrower." ER 736. Meritage timely filed a petition for judicial determination of the claim in the District Court for the District of Nevada. Following the FDIC's failure to appear, the court awarded Meritage the full amount including pre-judgment and post-judgment interest and attorney's fees and costs. The FDIC issued a Receiver's Certificate in the amount of $680,300, which the District Court, over Meritage's objections, accepted as full satisfaction of the judgment.

Meritage, unhappy to wait in line with other claimants of First National Bank, appealed the decision to this court. We upheld the District Court's decision to permit the FDIC to satisfy the judgment with a Receiver's Certificate. *Meritage Homes of Nevada v. FDIC*, 753 F.3d 819, 824-25 (9th Cir. 2014). While that appeal was pending, Meritage filed the complaint at issue here against FNBN-

RESCON I, LLC, which, according to the District Court opinion, is an entity created by the FDIC to hold certain assets of the First National Bank for the purposes of liquidation, and Stearns Bank, which purchased a beneficial ownership in RESCON I, in a second bid to recover for work performed under the construction agreement.

This time, Meritage tried to circumvent the jurisdiction bar in 12 U.S.C. § 1821(d)(13)(D)(ii), which applies even when the claims are asserted against the purchasing institution, instead of the failed institution or the FDIC, as long as the claims "relate to any act or omission" of the failed institution or the FDIC. *Benson*, 673 F.3d at 1212. To do so, Meritage now argues that it was RESCON I, not First National Bank, that incurred the obligation to pay under the relevant agreements by foreclosing upon the improved land in May 2011.

Meritage is judicially estopped from now asserting this position, however, because it is clearly inconsistent with its prior position that Meritage was owed the same money from First National Bank as early as June 2008. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Having already received a judgment by persuading the first district court that it was owed money for its construction work since June 2008, Meritage may

4

not seek a second judgment for the same construction work against RESCON I and Stearns Bank by asserting the contrary position that the obligation to pay was not triggered until RESCON I's foreclosure of the land parcel. To permit Meritage to do so would not only require us to accept that the prior court was misled, but would also give Meritage the impermissible advantage of being paid first before any other creditors with valid claims can be paid. It would, in effect, disrupt the FDIC's statutory duty to "ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks." *Benson*, 673 F.3d at 1211.

Accordingly, we affirm the District Court's dismissal of the complaint for lack of jurisdiction.

**AFFIRMED**.