**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JASON T. BROOKS,

    Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS,

    Defendant - Appellee.

No. 25-1256
(D.C. No. 1:13-CV-02894-SKC)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

_____

Federal courts are courts of limited jurisdiction. When a federal court properly

exercises jurisdiction over a particular case, that court's power extends so far as

necessary to give effect to its judgments—but no further.

Plaintiff, a prisoner in Colorado, obtained a $3.5 million judgment against

Defendant Colorado Department of Corrections ("CDOC") under the Americans with

Disabilities Act ("ADA"). But the State of Colorado did not pay the judgment

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

proceeds directly to Plaintiff. Instead, it applied those proceeds to restitution debts Plaintiff owed to victims of his prior crimes. Plaintiff sought a writ of execution in federal district court, arguing that Defendant had not satisfied the ADA judgment. Plaintiff also challenged the state proceedings that redirected his judgment proceeds to his restitution debts. The district court concluded that Defendant satisfied the ADA judgment and that this ended its jurisdiction over Plaintiff's remaining claims. We affirm.

## I.

In 2010, Plaintiff Jason T. Brooks pleaded guilty to four counts of felony securities fraud in Colorado's Nineteenth Judicial District in Weld County. The court sentenced Plaintiff to thirty-two years in prison and ordered him to pay $5.1 million in restitution to the victims of his fraud.

While serving this sentence, Plaintiff sued Defendant in the United States District Court for the District of Colorado for violating his rights under Title II of the ADA. On December 16, 2022, a jury awarded Plaintiff $3.5 million in damages. On April 28, 2023, the district court entered judgment for Plaintiff for $3.5 million plus post-judgment interest. Defendant declined to appeal this judgment.

Under Colorado statutes governing the disbursement of state funds, state agencies must submit requests for payment to Colorado's Risk Management Fund. Colo. Rev. Stat. § 24-30-1510(3)(a). Colorado law requires such requests to go through the State Controller, see Colo. Rev. Stat. §§ 24-30-202(1), (2), 24-30-202.4(3.5)(a)(I), and provides an opportunity for state agencies to direct the State

2

Controller to withhold disbursements when the payee owes money to the state, Colo. Rev. Stat. § 24-30-202.4(3.5)(a)(I). This includes payees who owe money to the state or to any agency "the amount of which has been reduced to judgment." Colo. Rev. Stat. § 24-30-202.4(3.5)(a)(I)(C).

Pursuant to these procedures, Defendant submitted a request to the Risk Management Fund to disburse payment in the amount of the district court's judgment to Plaintiff. Rather than disburse the funds to Plaintiff directly, however, the State Controller redirected the entire payment to the Nineteenth Judicial District, which disbursed the funds to offset Plaintiff's $5.1 million restitution debt to victims of the crimes to which he pleaded guilty in 2010.[1]

Plaintiff filed a motion for writ of execution with the district court pursuant to Federal Rule of Civil Procedure 69(a) seeking to enforce his judgment against Defendant. Plaintiff argued that Defendant never satisfied the judgment because he did not receive a direct payment of the funds. Plaintiff also alleged various deficiencies with the way the Nineteenth Judicial District and the State Controller intercepted and diverted the payment Defendant requested. The district court denied Plaintiff's motion as moot after concluding that Defendant satisfied the judgment by the payment toward his restitution debt to victims. The district court declined to consider Plaintiff's remaining challenges, finding it lacked jurisdiction over claims

---

[1] Plaintiff's restitution debt is subject to interest payments. Because the ADA judgment received by Plaintiff is less than the original restitution debt of $5.1 million, however, changes to Plaintiff's restitution balance because of interest are irrelevant for our purposes.

3

implicating the Nineteenth Judicial District, which was not a party to the action. Plaintiff subsequently filed a pro se motion for reconsideration, which the district court denied. Plaintiff appealed both denials.

II.

The district court denied Plaintiff's motion for writ of execution as moot because it concluded Defendant satisfied the judgment entered against it. "The existence of subject-matter jurisdiction 'is a question of law which we review de novo.'" Barnes v. Harris, 783 F.3d 1185, 1189 (10th Cir. 2015) (quoting Plaza Speedway Inc. v. United States, 311 F.3d 1262, 1266 (10th Cir. 2002)).

The parties do not discuss the standard of review that applies to a determination that a judgment is satisfied. In an unpublished decision in the Federal Rule of Civil Procedure 60(b)(5) context, we have previously said that "[t]he question whether a judgment has been satisfied does not invoke the district court's discretion . . . . Therefore, our review is de novo."[2] See U.S. Energy Corp. v. Nukem, Inc., No. 99-1341, 2000 WL 1528682, at *1 (10th Cir. Oct. 16, 2000) (unpublished).

At least one other circuit has instead reviewed a similar appeal for abuse of discretion. In Meritage Homes of Nevada, Inc., the district court determined that the defendant had "effectively satisfie[d]" a judgment when it gave plaintiff a receiver's

---

[2] Rule 60(b)(5) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged . . . ." Fed. R. Civ. P. 60(b)(5).

certificate rather than cash.  753 F.3d 819, 822 (9th Cir. 2014).  The Ninth Circuit construed the plaintiff's motion "to require the [defendant] to satisfy the judgment with cash rather than a receiver's certificate" as a motion to amend judgment and reviewed for abuse of discretion.  Id. at 822–23.

We need not decide the standard of review here.  Instead, we assume without deciding that a de novo standard of review applies.

### III.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).  When a federal court's jurisdiction properly extends to a particular case, the court retains "ancillary jurisdiction" over later proceedings "necessary to protect and give effect to its judgments."  Sandlin v. Corp. Interiors Inc., 972 F.2d 1212, 1216 (10th Cir. 1992) (citing Finley v. United States, 490 U.S. 545, 551 (1989)); see also Riggs v. Johnson Cnty., 73 U.S. 166, 187 (1867).  As a "creature of necessity," Peacock v. Thomas, 516 U.S. 349, 359 (1996) (citing Kokkonen, 511 U.S. at 380; Riggs, 73 U.S. at 187), ancillary jurisdiction extends only "until the judgment [is] satisfied."  Wayman v. Southard, 23 U.S. 1, 23 (1825).  Ancillary jurisdiction does not extend to proceedings "that are entirely new and original," Peacock, 516 U.S. at 358 (quoting Krippendorf v. Hyde, 110 U.S. 276, 285 (1884)), or where "the relief [sought is] of a different kind or on a different principle than that of the prior decree," id. (quoting

5

Dugas v. American Surety Co., 300 U.S. 414, 428 (1937)).  Federal Rule of Civil Procedure 69(a) provides the procedural mechanism for this inherent jurisdiction, Beeks v. Hundley, 34 F.3d 658, 660 (8th Cir. 1994), and requires execution to "accord with the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a).

The district court found, based on undisputed facts, that Defendant made a payment request for the full amount of the judgment owed to Plaintiff.  The district court also determined that the Nineteenth Judicial District applied the full amount of the judgment to Plaintiff's outstanding restitution debt.  Relying on Plaintiff's statement in a separate matter that he had "pa[id] off almost 70% of his original restitution" with the judgment payment, the district court concluded that Plaintiff received the financial benefit of the entire judgment and that Defendant satisfied the judgment.  ROA Vol. X at 191–92 (quotations omitted).  The district court denied Plaintiff's request for writ of execution to enforce the judgment as moot and declined to exercise ancillary jurisdiction over Plaintiff's remaining claims.

On appeal, Plaintiff relies on Hankins v. Finnel, 964 F.2d 853 (8th Cir. 1992) and Williams v. Marinelli, 987 F.3d 188, 196 (2d Cir. 2021) to argue that Defendant did not satisfy the judgment and that the ADA preempted Colorado's intercept statute.  In Hankins, the Eighth Circuit found that the defendant had not satisfied a judgment where the state "devised . . .  a 'shell game' that allow[ed] it to 'pay' a judgment" to the plaintiff and then immediately recoup 90% of the judgment as reimbursement for the costs of the plaintiff's incarceration.  964 F.2d at 854, 860.

6

The Eighth Circuit reasoned that this scheme "ha[d] the potential to severely frustrate the enforcement of federal rights in prisons" and "ha[d] the effect of defeating the efforts of any inmate to actually collect his judgment." Id. at 860. The Eighth Circuit concluded that § 1983 preempted the state's recoupment scheme and that judgment funds diverted by this scheme did not satisfy the § 1983 judgment. Id. at 861. In Marinelli, the Second Circuit similarly found that judgments paid through preempted statutory schemes remain unsatisfied. See Marinelli, 987 F.3d at 195–96, 206 (affirming district court decision that portion of judgment payment preempted by § 1983 "failed to satisfy" the defendant's "obligation to pay the damages award").

We are not persuaded by the logic of these cases. Initially, their own reasoning does not suggest that Defendant failed to satisfy the judgment here. In fact, the Eighth Circuit declined to extend Hankins' reasoning to a situation where, as here, a state seized an inmate's judgment funds to pay the inmate's victim-restitution obligations. Beeks, 34 F.3d at 659. The Eighth Circuit instead reasoned that payments made primarily to "private persons or institutions" did not permit "state institution[s] whose employees were responsible for" constitutional violations "to recoup the money judgment." Id. at 661. In these circumstances the policy concerns animating Hankins were not present and "victim restitution d[id] not defeat § 1983's deterrence goal."[3] Id. The Eighth Circuit also explained that "from a financial

_____

[3] Hankins, Beeks, and Marinelli all involve § 1983 and not the ADA. Even still, they are relevant because Plaintiff relies on Hankins and Marinelli—each of which reasoned that the diversion of judgment funds undermined the "compensatory

standpoint" an inmate who receives a judgment that pays down their restitution debts "receive[s] virtually all the benefit" of that judgment and "there can be no question that the . . . judgment has been satisfied." Id. at 661–662; see also Marinelli, 987 F.3d at 204–05 (similarly differentiating state laws that allow states to recoup judgment funds paid to plaintiff-prisoners from state laws that facilitate crime-victim recovery).

More fundamental to our disposition in this case, we disagree with the reasoning in Hankins and Marinelli to the extent the cases tie judgment satisfaction to preemption. Instead, we understand the question of whether a defendant has satisfied a judgment to be distinct from the question of whether the state procedures used to facilitate that satisfaction are infirm. See Beeks, 34 F.3d at 660, 662 (explaining that the district court's jurisdiction over the action ended once the state paid the plaintiff-prisoner); Hankins, 964 F.2d at 862–863 (Beam, J., dissenting) (criticizing the majority for exercising jurisdiction where the state had satisfied the judgment at issue).

Courts exercising ancillary jurisdiction must concern themselves with the satisfaction of judgments, not the lawfulness of procedures facilitating satisfaction. Unless the state procedures themselves interfere with the enforcement and satisfaction of the district court's judgment, any challenges to these procedures would extend ancillary jurisdiction to proceedings that are entirely new and original and

---

and deterrent purposes" of § 1983—to argue that "[t]he same logic applies" to his case under the ADA.

would seek relief "of a different kind or on a different principle than that of the prior decree." Peacock, 516 U.S. at 358. Instead, plaintiffs alleging that procedures used to satisfy a judgment were legally deficient—because, for example, the state's statutory scheme is preempted by federal law—must challenge those procedures in a separate action.

So we need only consider whether Defendant, in fact, satisfied the judgment. We agree with the district court that Defendant satisfied the judgment here. Defendant undisputedly requested payment in the amount of the judgment to Plaintiff. The Nineteenth Judicial District intercepted and undisputedly applied the amount of the judgment to pay restitution debts Plaintiff owed to victims of his prior crimes. The benefit of the judgment thus accrued entirely to Plaintiff and his victims (to whom Plaintiff continues to owe an obligation to reimburse). Accord Beeks, 34 F.3d at 661–62 (explaining that an inmate "receive[s] virtually all the benefit" of a money judgment applied to his restitution debts and that "there can be no question that" such a "judgment has been satisfied"). Plaintiff contends that this diversion of funds "creates an untenable and dangerous precedent" that "would allow judgment debtors to decide for themselves which creditors of the plaintiff are paid." Appellant's Opening Br. at 10. Our holding is not so broad. Instead, we hold that a defendant satisfies a judgment for a prisoner-plaintiff where that prisoner-plaintiff owes restitution to crime victims and his judgment is put toward that purpose.[4]

---

[4] Indeed, this view tracks federal law. Plaintiff's original action falls under the Prison Litigation Reform Act of 1995 (PLRA). The PLRA provides that "any

9

Having concluded that Defendant satisfied the judgment, neither we nor the district court have jurisdiction to consider the actions of the Nineteenth Judicial District or to consider whether Colorado's intercept statute conflicts with the ADA for preemption purposes. To the extent that the district court's order found that the Nineteenth Judicial District is a "stage agency" under Colorado's intercept statute and that the ADA did not preempt the Colorado scheme as-applied here, we vacate these findings for want of jurisdiction.[5]

IV.

We affirm the district court's denial of Plaintiff's motion for writ of execution to enforce this judgment as moot. We also affirm the district court's dismissal of Plaintiff's remaining claims because it lacked jurisdiction to consider them. For similar reasons, we conclude that the district court did not abuse its discretion by denying Plaintiff's motion for reconsideration and affirm. See Lupia v. Medicredit, Inc., 8 F.4th 1184, 1197 (10th Cir. 2021) ("We review a motion for reconsideration for an abuse of discretion.").

---

compensatory damages awarded to a prisoner in connection with a civil action brought against any Federal, State, or local jail, prison, or correctional facility . . . *shall* be paid *directly* to satisfy any outstanding restitution orders pending against the prisoner." 18 U.S.C. § 3626, Statutory Note, Pub. L. 104-134, § 101(a), Title VIII, § 807, Apr. 26, 1996, 110 Stat. 1321–75 (emphasis added).

[5] Defendant contends that Plaintiff, who proceeds pro se on appeal, raises several new claims in his opening brief that he did not timely raise below and that he has waived. We conclude that neither we nor the district court have jurisdiction to review these claims, regardless of whether Plaintiff waived them.

AFFIRMED.[6]

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[6] This is an appeal by a prisoner in a civil case and so the PLRA's three-strike provision applies.  See 28 U.S.C. § 1915(a)(2), (g).  An appeal generally only counts as a strike if dismissed on a § 1915(g) ground.  Carbajal v. McCann, 808 F. App'x 620, 629–30 (10th Cir. 2020) (unpublished).  Because we affirm the district court's dismissal for lack of subject matter jurisdiction and do not dismiss Plaintiff's appeal as frivolous or malicious under § 1915(g), we do not assess a PLRA strike.  See Davis v. Schnurr, 818 F. App'x 852, 854 (10th Cir. 2020) (unpublished).